UNITED STATES of America, Plaintiff,

v.

Richard LABOMBARD, Defendant.

No. CIV.A. 99–40019–NMG.

United States District Court, D. Massachusetts.

March 31, 2000.

Henry J. Riordan, U.S. Dept. of Justice, Tax Div., Washington, DC, Susan M. Poswistillo, U.S. Attorney's Office, Boston, MA, for US.

Richard LaBombard, Leominister, MA, pro se.

## MEMORANDUM AND ORDER

GORTON, District Judge.

This case arises from the alleged failure of the defendant, Richard LaBombard ("LaBombard"), to pay federal income taxes for the tax years 1983 through 1989. The United States has filed suit to reduce to judgment federal tax assessments against LaBombard in the amount of $138,857.75 in unpaid taxes, penalties and interest, plus statutory interest since October 19, 1998. The United States has filed a motion for summary judgment (Docket No. 2) and LaBombard has filed a motion to dismiss (Docket No. 5).

Because some issues in the pending motions were not fully addressed in the initial briefs, the Court directed the parties to submit supplemental memoranda. The government has done so and LaBombard's time to respond having expired, the Court now considers those pending motions.

## I. Background

The following facts are presented by the United States and are not disputed by LaBombard. LaBombard failed to file any federal income tax returns for the tax years 1983 through 1989. The Internal Revenue Service ("IRS") prepared substitute returns pursuant to 26 U.S.C. § 6020(b) for LaBombard basing his purported tax liability upon information it had received with respect to income he had received from a military pension.

The government made assessments based upon those substitute returns on February 6, 1989 for the 1983, 1984 and 1985 tax years and on September 21, 1992 for the 1986, 1987, 1988 and 1989 tax years. The government commenced the instant action on February 3, 1999 to obtain judgment against LaBombard for all unpaid taxes, interest and penalties, plus statutory interest accrued to date. The United States served the complaint on LaBombard at his residence at 12 Peter Drive, Leominster, Massachusetts on March 10, 1999.

## II. Motion to Dismiss

LaBombard argues, in his motion to dismiss, that the Court lacks subject matter and personal jurisdiction and that the complaint fails to state a claim upon which relief can be granted.

### A. *Subject Matter Jurisdiction*

The United States asserts that this is a valid suit to reduce federal tax assessments to judgment. It asserts that the Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1340 ("district courts shall have original jurisdiction of any civil action arising under any Act of Congress providing for internal revenue"), 28 U.S.C. § 1345 ("Except as otherwise provided by Act of Congress, the district courts shall have original jurisdiction of all civil actions, suits or proceedings commenced by the United States ...") and 26 U.S.C. § 7402(a) (conferring jurisdiction on district courts for actions necessary or appropriate for enforcement of internal revenue laws). Given three statutes, all of which confer jurisdiction, there is no doubt that this Court has subject matter jurisdiction over this case.

**B.** *Personal Jurisdiction*

The Federal Rules of Civil Procedure provide guidance on how district courts obtain jurisdiction over a person. Specifically, Fed.R.Civ.P. 4(k)(1) provides that district courts acquire personal jurisdiction over a defendant by service of a summons on a person "who could be subjected to the jurisdiction of a court of general jurisdiction in the state in which the district court is located." Thus, a federal district court is permitted to exercise personal jurisdiction over an individual to the extent authorized under state law of the forum in which it sits. In Massachusetts, the state in which this Court sits, a court of general jurisdiction may exercise personal jurisdiction over a person within or domiciled in the Commonwealth. M.G.L. c. 223A § 2; Mass.R.Civ.P. 4(d)(1).

■ LaBombard admits that he is a citizen of, and is domiciled in, Massachusetts. He was served with a summons and complaint at his home in Leominster, Massachusetts. This Court may, therefore, properly exercise personal jurisdiction over LaBombard.

**C.** *Failure to State a Claim*

1. *Standard*

A motion to dismiss for failure to state a claim may be granted only if it appears, beyond doubt, that the plaintiff can prove no facts in support of its claim that entitle it to relief. *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). The Court must accept all factual averments in the complaint as true and draw all reasonable inferences in the plaintiff's favor. *Garita Hotel Ltd. Partnership v. Ponce Fed. Bank, F.S.B.,* 958 F.2d 15, 17 (1st Cir.1992). The Court is required to look only to the allegations of the complaint and, if under any theory they are sufficient to state a cause of action, a motion to dismiss the complaint must be denied. *Knight v. Mills,* 836 F.2d 659, 664 (1st Cir.1987).

2. *Analysis*

Title 26, Section 7401 of the United States Code requires that any civil action for the collection or recovery of taxes, or of any fine, penalty or forfeiture must be commenced with the permission of the Secretary of the Treasury and at the direction of the Attorney General or an appropriate delegate. The United States asserts in its complaint that this action was commenced by the United States Attorney at the direction of the Attorney General with the authorization from the Chief Counsel, Internal Revenue Service, a delegate of the Secretary of the Treasury. Based upon that assertion, the United States has complied with the requirements of the applicable statute.

The United States assessed a tax deficiency against LaBombard for unpaid taxes for the tax years 1983 through 1985 on February 6, 1989 and for the tax years 1986 through 1989 on September 21, 1992. The United States issued notice of those assessments to LaBombard, but, despite notice and demand, LaBombard refused to pay the amount due.

Under 26 U.S.C. § 6501(a), the United States must assess any unpaid tax within three (3) years after the return was filed, unless no return was filed or the return was filed fraudulently to evade taxes. In the latter circumstance, there is no limit on when the United States must act. LaBombard filed no tax returns for the years in question so there is no time limit on when the United States may assess tax deficiencies against him.

Finally, under 26 U.S.C. § 6502(a), the United States has ten (10) years from the date of assessment either 1) to levy the property or 2) to commence a lawsuit. This lawsuit was commenced on February 3, 1999, within the ten-year statute of limitations for both the February 6, 1989 and the September 21, 1992 assessments.

**D.** *The 1988 Tax Year*

LaBombard argues that a letter to him from the IRS dated October 1, 1990 indi-

cates that the IRS had resolved some issue related to the 1988 tax year. The letter is ambiguous with respect to what the IRS had actually resolved. In any event, the IRS assessed a tax deficiency for that tax year on September 21, 1992.

■ By assessing a deficiency for the 1988 tax year after the IRS sent LaBombard the subject letter, it is clear that the IRS persisted in its contention that LaBombard was delinquent for that tax year. Thus, the IRS did not view his tax deficiency for the 1988 tax year as resolved and, because a presumption of correctness attaches to a tax assessment made by the IRS, *Geiselman v. United States,* 961 F.2d 1, 6 (1st Cir.1992), the assessment for that tax year is valid.

### III. Summary Judgment

#### A. *Summary Judgment Standard*

The role of summary judgment is "to pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial." *Mesnick v. General Elec. Co.,* 950 F.2d 816, 822 (1st Cir. 1991) (quoting *Garside v. Osco Drug, Inc.,* 895 F.2d 46, 50 (1st Cir.1990)). The burden is upon the moving party to show, based upon the pleadings, discovery and affidavits, "that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). Once the moving party has satisfied its burden, the burden shifts to the non-moving party to set forth specific facts showing that there is a genuine, triable issue. *See Celotex Corp. v. Catrett,* 477 U.S. 317, 324, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). The Court must view the entire record in the light most hospitable to the non-moving party and indulge all reasonable inferences in that party's favor. *O'Connor v. Steeves,* 994 F.2d 905, 907 (1st Cir.1993).

#### B. *Analysis*

Despite notice and demand, LaBombard has refused to pay in full the amount due and, as a result, there remains due $138,857.75 as of October 19, 1998. In addition to that amount, LaBombard is liable for statutory interest and additional penalties accruing after that date.

■ In this case, the government made assessments against LaBombard for the tax years 1983 through 1989. A presumption of correctness attaches to a tax assessment made by the IRS. *Geiselman v. United States,* 961 F.2d 1, 6 (1st Cir.1992). "It is settled law that taxpayers bear the burden of proving that a tax deficiency assessment is erroneous." *Delaney v. Commissioner of Internal Revenue,* 99 F.3d 20, 23 (1st Cir.1996)(citing *United States v. Rexach,* 482 F.2d 10, 16 (1st Cir.1973)).

■ LaBombard presents no evidence overcoming the presumption that accompanies a tax assessment. Instead, he argues that the government failed to respond to his letters which "created a default action" under the Uniform Commercial Code and that the assessments have "no legal basis" because the IRS had "resolved" the 1988 tax year deficiency and returned back taxes to him.

The Court has already examined the circumstances of the 1988 tax year and has concluded that the IRS' assessment for that year was valid. LaBombard does not address the validity of the other tax assessments in any way and, therefore, does not challenge the presumption of correctness that they carry. The motion of the United States for summary judgment will, therefore, be allowed.

The government requests that the Court enter judgment against LaBombard in the amount of $138,857.75, plus statutory interest and additional penalties accrued to date, and that it grant costs and other appropriate relief. The Court will enter judgment for the government in the requested amount, plus interest and penalties accrued since October 19, 1998. It will not, however, award costs, primarily because the government cites no authority

that would render such an award appropriate.

## ORDER

For the reasons set forth in the Memorandum above:

1) the motion of the defendant, Richard LaBombard, to dismiss (Docket No. 5) is DENIED;

2) the motion of the plaintiff, the United States, for summary judgment (Docket No. 5) is ALLOWED.

So ordered.