**UNITED STATES of America,**
**Plaintiff,**

**v.**

**Philip R. BENINATI, Ninfa M. Beninati, Plymouth Savings Bank, Countrywide Home Loans, Inc. and Mortgage Electronic Registration Systems, Defendants.**

**Civil Action No. 06–11296–NMG.**

United States District Court,
D. Massachusetts.

July 7, 2009.

Jeffrey J. Clark, David M. Rosen, Harmon Law Offices, P.C., Newton, MA, Lawrence P. Heffernan, Kate L. Moran, Robinson & Cole, LLP, Boston, MA, for Defendants.

Robert J. Kovacev, U.S. Department of Justice, Washington, DC, for Plaintiff.

### MEMORANDUM & ORDER

GORTON, District Judge.

In this action to recover on federal tax liens, the plaintiff, the United States of America ("the government"), has moved for partial summary judgment and for entry of a final and separate judgment pursuant to Fed.R.Civ.P. 54(b).

### I. *Background*

In a complaint filed on July 27, 2006, the government alleges that defendants Philip and Ninfa Beninati ("the Beninatis") failed to pay their joint federal income taxes for the 1985, 1986 and 1988 tax years. About three weeks after the Beninatis became the record owners of the property known as 20 Greenleaf Street in Billerica, Massachusetts ("the Property") by quitclaim deed on January 24, 2001, the government recorded federal tax liens on it.[1] The

---

1. In compliance with 26 U.S.C. § 6323(g)(3), the government re-filed notice of its lien on December 2, 2003.

property is also subject to two mortgages, one from Plymouth Savings Bank ("Plymouth") recorded on or about January 24, 2001, and another from Countrywide Home Loans, Inc. ("Countrywide") recorded on August 19, 2005. Both of those lenders are also named as defendants in this case along with Mortgage Electronic Registration Systems, Inc., which acted as a nominee for the Countrywide mortgage.

In 2006, the Beninatis filed for voluntary bankruptcy protection and were granted a discharge on August 27, 2007. As part of that proceeding, the bankruptcy court approved a distribution of $131,034 to the Internal Revenue Service ("IRS") in partial satisfaction of the Beninatis' tax liability.

In this case, the government seeks damages for the remaining balance of the Beninatis' tax liability (Count I) and foreclosure of the tax liens (Count II). It has moved for summary judgment and entry of separate judgment pursuant to Fed. R. Civ. P. 54(b) with respect to Count II, requesting an order 1) to establish the validity and amount of the tax assessments against the Beninatis for the tax years 1985, 1986 and 1988 and 2) to allow for sale of the Property. The government has not moved for summary judgment with respect to Count I because outstanding discovery on the bankruptcy discharge is relevant and necessary to its disposition.

The Beninatis have opposed the government's motion *pro se* with a two-page memorandum which does not controvert the material facts stated by the government and makes no legal arguments.[2] Countrywide has also filed a limited opposition to the government's motion to ensure that any action by this Court takes into account the partial satisfaction of the Beninatis' tax liability resulting from the bankruptcy proceeding.

## II. *Analysis*

### A. Summary Judgment

#### 1. Legal Standard

The role of summary judgment is "to pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial." *Mesnick v. Gen. Elec. Co.*, 950 F.2d 816, 822 (1st Cir.1991), quoting *Garside v. Osco Drug, Inc.*, 895 F.2d 46, 50 (1st Cir.1990). The burden is upon the moving party to show, based upon the pleadings, discovery and affidavits, "that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c).

A fact is material if it "might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). "Factual disputes that are irrelevant or unnecessary will not be counted." *Id.* A genuine issue of material fact exists where the evidence with respect to the material fact in dispute "is such that a reasonable jury could return a verdict for the nonmoving party." *Id.*

Once the moving party has satisfied its burden, the burden shifts to the non-moving party to set forth specific facts showing that there is a genuine, triable issue. *Celotex Corp. v. Catrett*, 477 U.S. 317, 324, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). The Court must view the entire record in the light most hospitable to the non-moving party and indulge all reasonable infer-

---

2. In their opposition, the Beninatis also request a discharge from the Plymouth and Countrywide mortgages which are "covered by the United States of America 700 Billion Dollars Bailout." That issue has not been properly raised and the Court declines to address it.

ences in that party's favor. *O'Connor v. Steeves,* 994 F.2d 905, 907 (1st Cir.1993). If, after viewing the record in the non-moving party's favor, the Court determines that no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law, summary judgment is appropriate.

### 2. Application

#### a. Amount of the Beninatis' Tax Liability

■ The government argues that the Beninatis are precluded from contesting the amount of their tax liability for 1985, 1986 and 1988 as set forth in IRS Certificates of Assessments (Form 4340). The Beninatis do not, in fact, contest the amount. Moreover, in 1993 the parties stipulated to the information upon which the assessments are based. The 1993 stipulation was adopted by the United States Tax Court and thus entitles the government to *res judicata* with respect to the information contained therein. *See United States v. Tempelman,* 12 Fed.Appx. 18, 20 (1st Cir.2001).

In any event, the government's tax assessments are presumed to be correct and the Beninatis have presented no evidence to rebut that presumption. *See United States v. LaBombard,* 107 F.Supp.2d 57, 60 (D.Mass.2000). Therefore, the government has established as a matter of law that the amount of the Beninatis' tax liability is, as set forth in the Certificates of Assessment, $82,120, $50,487 and $128,866 for 1985, 1986 and 1988, respectively, plus interest pursuant to 26 U.S.C. §§ 6621 and 6622. At the recent status conference, the government represented that the Beninatis' tax liability, including interest but not the $131,034 already paid as a result of the bankruptcy proceeding, is $695,346.

#### b. Foreclosure of Property Subject to Federal Tax Liens

■ The government has the right to file a civil action to enforce a federal tax lien through the sale of the property to which the lien attaches. *See* 26 U.S.C. § 7403(a) and (c). A bankruptcy discharge does not exempt such property from foreclosure. *See United States v. Berk,* 374 B.R. 385, 398 (D.Mass.2007).

■ In ordering foreclosure of a delinquent taxpayer's property, a court must determine the relative priorities of any competing claims to it under federal law. *See Aquilino v. United States,* 363 U.S. 509, 513–14, 80 S.Ct. 1277, 4 L.Ed.2d 1365 (1960). In general, for purposes of federal law, the rule "first in time, first in right" governs priority. *United States v. City of New Britain,* 347 U.S. 81, 85, 74 S.Ct. 367, 98 L.Ed. 520 (1954).

A federal tax lien is deemed to have arisen at the time the tax assessment was made. 26 U.S.C. § 6322. Thus, it has priority over claims that are perfected after, but not before, tax liability is assessed. An exception to that rule, however, prevents a tax lien from being enforced against certain third parties, including holders of security, unless it was recorded first. *Id.* § 6323.

■ Here, the subject tax liens were recorded prior to the Countrywide mortgage but not the Plymouth mortgage, so they take priority over the former but not the latter. No disputes of fact exist in that regard and, therefore, summary judgment with respect to foreclosure is proper.

### B. Separate Judgment Pursuant to Fed.R.Civ.P. 54(b)

#### 1. Legal Standard

■ Pursuant to Fed.R.Civ.P. 54(b), the Court "may direct entry of a final judgment as to one or more, but fewer

**120**

than all, claims" so long as "there is no just reason for delay." Ordering a separate judgment must be done with great care because there is a well-established policy against deciding cases piece-by-piece. *See Spiegel v. Trustees of Tufts Coll.*, 843 F.2d 38, 42 (1st Cir.1988). In allowing a Rule 54(b) motion, the Court must "dispose[ ] fully of at least a single substantive claim" and should duly consider the relevant facts, "mak[ing] specific findings." *Id.* (citation and internal quotation marks omitted).

### 2. Application

■ Another session of this Court previously held in *United States v. Berk* that there is no just reason for delay in entering a final judgment on a claim for foreclosure while a substantive claim for damages remains pending in a federal tax lien case. *See* 374 B.R. at 399. In that case, the Court found that doing so would not require "duplication of efforts" and would, in fact, help preserve the value of the property subject to tax liens by preventing the accrual of carrying costs. *Id.* Indeed, in this case, the government suggests that postponing foreclosure would lead to increased real estate tax, insurance and maintenance costs. For those reasons, separate judgment is appropriate and will be allowed with respect to Count II.

### ORDER

In accordance with the foregoing, the plaintiff's motion for summary judgment and entry of final judgment with respect to Count II (Docket No. 34) is **ALLOWED**.

**So ordered.**