995 F.2d 1061
 NOTICE: First Circuit Local Rule 36.2(b)6 states unpublished opinions may be cited only in related cases.
Andrew TEMPELMAN and Priscilla Tempelman, Plaintiffs, Appellants,
v.
UNITED STATES of America, et al., Defendants, Appellees.
 No. 92-2280.
 United States Court of Appeals,
First Circuit.
 June 3, 1993
 
 APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEW HAMPSHIRE
 Andrew Tempelman and Priscilla Tempelman on brief pro se.
 Peter E. Papps, United States Attorney, James A. Bruton, Acting Assistant Attorney General, Gary R. Allen, William S. Estabrook, and Doris D. Coles, Attorneys, Tax Division, Department of Justice, on brief for appellees.
 D.N.H.
 AFFIRMED.
 Before Torruella, Cyr and Boudin, Circuit Judges.
 Per Curiam.
 
 
 1
 Andrew and Priscilla Tempelman (the taxpayers) filed a pro se action in federal district court seeking to enjoin the Internal Revenue Service (IRS) from collecting back taxes. The lower court denied relief, concluding that the suit was barred by the Anti-Injunction Act, 26 U.S.C. § 7421(a). We agree with this determination and therefore affirm.
 
 I.
 
 2
 The taxpayers own and operate a small inn and restaurant in Milford, New Hampshire. In 1990, the IRS served them with notices of deficiency pursuant to 26 U.S.C. § 6212 claiming that approximately $130,000 in taxes, interest and penalties were owed for the years 1984 and 1985.[1] The taxpayers thereafter filed a timely petition under 26 U.S.C. § 6213 for redetermination in tax court. On October 4, 1991, the taxpayers and the IRS presented the court with a stipulated agreement calculating a total liability for those years of approximately $35,000 plus interest. The tax court judge adopted this agreement in a decision dated November 27, 1991. The taxpayers filed an appeal from this decision on May 20, 1992, claiming inter alia that they had been coerced by the IRS and the tax court into signing the stipulation. Because their notice of appeal was filed well past the 90-day period prescribed by Fed. R. App. P. 13(a), we dismissed the appeal for lack of jurisdiction on September 1, 1992. We thereafter denied their motion for reconsideration and for permission to file late.
 
 
 3
 Under 26 U.S.C. § 6213(a), the IRS is prohibited from making any assessment or levy or otherwise initiating collection efforts until the decision of the tax court "has become final"-which in this case occurred on February 25, 1992. See 26 U.S.C. § 7481(a). In the stipulated decision adopted by the tax court, however, the taxpayers expressly agreed to waive this restriction. Accordingly, in December 1991, the IRS made assessments for the years 1984-85 in accordance with that decision. Upon taxpayers' failure to pay, the IRS in August 1992 levied upon their New Hampshire bank account and filed a notice of tax lien against their property. Taxpayers responded by filing their complaint for injunctive relief.
 
 II.
 
 4
 The Anti-Injunction Act provides, with certain enumerated exceptions, that "no suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court by any person...." 26 U.S.C. § 7421(a). In Enochs v. Williams Packing Co., 370 U.S. 1 (1962), the Court fashioned an additional exception to this provision, holding that a suit for injunctive relief may lie where (1) the taxpayer will suffer irreparable harm absent an injunction, and (2) it is clear that "under no circumstances could the Government ultimately prevail" on the underlying dispute. Id. at 7; accord, e.g., South Carolina v. Regan, 465 U.S. 367, 374 (1984); Commissioner v. Shapiro, 424 U.S. 614, 627 (1976); Bob Jones Univ. v. Simon, 416 U.S. 725, 737 (1974); Lane v. United States, 727 F.2d 18, 20 (1st Cir.), cert. denied, 469 U.S. 829 (1984). The taxpayers here seek to invoke this exception, arguing that they satisfy both of the Enochs criteria. The district court (adopting the recommendations of a magistrate-judge) disagreed, finding that the taxpayers had established irreparable harm but had failed to show that the government would under no circumstances prevail. This determination is plainly correct.
 
 
 5
 The Enochs Court elaborated on the latter requirement as follows:
 
 
 6
 [T]he question of whether the Government has a chance of ultimately prevailing is to be determined on the basis of the information available to it at the time of suit. Only if it is then apparent that, under the most liberal view of the law and facts, the United States cannot establish its claim, may the suit for an injunction be maintained.
 
 
 7
 370 U.S. at 7. In attempting to meet this "heavy" burden, McCarthy v. Marshall, 723 F.2d 1034, 1040 (1st Cir. 1983), the taxpayers advance two arguments. First, they charge that they were coerced into signing the stipulation, under threat of dismissal of their petition, without having had the opportunity to examine the agreement and the underlying tabulations. The transcripts of the tax court proceeding undermine this claim.[2] They reveal that the threat of dismissal arose-not because of any heavy-handed tactics on the part of the IRS or the court-but because of the taxpayers' inadequate bookkeeping and their unwillingness to produce records. Indeed, the court refrained from dismissing the petition even while noting that the IRS was "entitled" to such relief. Supp. App. at 52. Furthermore, although the taxpayers appeared pro se, the court arranged for them to be assisted by an attorney from a local law school's tax clinic, who argued on their behalf. At the close of the hearing at which the agreement was announced, the taxpayers praised the judge. Id. at 42. After the judge's decision, the taxpayers never filed a motion for reconsideration or a motion to vacate or revise. See Tax Court Rules 161, 162. Any claim of coercion or duress is, at the very least, far-fetched.
 
 
 8
 Second, the taxpayers complain that, once the tax court decision issued, the IRS attorney destroyed her personal working papers containing the calculations underlying the stipulated agreement. They contend that she was required to retain those papers until the tax court decision became final.
 
 
 9
 They argue that the attorney's calculations were riddled with errors and omissions. And they conclude that, since all "evidence" in support of the IRS' claim has now been destroyed, the IRS has no chance of prevailing thereon.
 
 
 10
 This line of reasoning is likewise unavailing. It is hardly surprising that personal working papers would be disposed of once a stipulated agreement has been reached and entered. Such papers are obviously not the central evidence in support of the IRS' claim that back taxes are due. And the taxpayers' underlying complaint of IRS miscalculations, having not been timely raised, falls well short of establishing "that under no circumstances could the Government ultimately prevail." We therefore agree with the lower court that the Enochs exception is inapplicable.[3]
 
 
 11
 The taxpayers' remaining arguments can be more readily dismissed. First, they seek, in the alternative, to invoke one of the statutory exceptions to the Anti-Injunction Act: the provision in § 6213(a) permitting a court to enjoin any assessment made prior to the tax court's decision becoming final. As mentioned, however, the taxpayers waived the statutory bar on assessments being made prior to that time. Moreover, the filing of a notice of appeal operates to stay the assessment or collection of a deficiency only if a bond is filed with the tax court. See 26 U.S.C. § 7485(a); Tax Court Rule 192. No such bond was filed here.
 
 
 12
 Second, the taxpayers complain that the district court dismissed their suit sua sponte prior to service of process on the government. Yet the court's lack of authority was apparent from the face of the complaint. The magistrate-judge's report provided ample notice of the complaint's deficiencies. And the taxpayers were afforded two opportunities to correct those shortcomings: first in objecting to the magistrate-judge's report, and later in asking the district court to reconsider its judgment of dismissal (the court, in fact, granted reconsideration and then reinstated its dismissal). We thus need not decide whether the court's sua sponte dismissal was error. Even if it were, any such error was, under the circumstances, plainly harmless. See, e.g., Purvis v. Ponte, 929 F.2d 822, 826-27 (1st Cir. 1991) (per curiam).[4]
 
 
 13
 Affirmed. The motion to amend pleading and the motion to show cause are denied.
 
 
 
 [1]
 While the IRS also alleged deficiencies for the years 1983 and 1986-88, the instant case pertains only to the years 1984-85
 
 
 [2]
 Because the district court dismissed the complaint prior to service of process on the government, these transcripts were not part of the record below. The IRS, having submitted them in a supplemental appendix to this court, asks that we take judicial notice thereof. This request is granted. See, e.g., Fed. R. Evid. 201; Taino Lines, Inc. v. M/V Constance Pan Atlantic, 982 F.2d 20, 22 n.8 (1st Cir. 1992); United States v. Berzon, 941 F.2d 8, 14 n.9 (1st Cir. 1991)
 
 
 [3]
 Indeed, in light of the dismissal of the appeal from the tax court ruling, it might well be argued that the government already has prevailed. We need not decide, however, whether the instant matter is moot or is barred on res judicata grounds, inasmuch as it is in any event without merit
 
 
 [4]
 The taxpayers also rely on the Shapiro Court's holding that, before the applicability of the Enochs exception can be ascertained, the government has the obligation to disclose the factual basis for its assessments. See 424 U.S. at 626-27. That holding is clearly inapposite. The Shapiro case involved a jeopardy assessment made without any opportunity for a prompt post-seizure inquiry into the basis for the IRS' claim. Here, by contrast, the taxpayers have had a full opportunity to contest the IRS' claim in tax court