UNITED STATES, Plaintiff, Appellee/Cross–Appellant,

v.

Andrew TEMPELMAN; Priscilla Tempelman, Defendants, Appellants/Cross–Appellees.

The Fellowship of Perfect Liberty; Citizens Bank of New Hampshire, Defendants.

Nos. 00–1556, 00–1786, 00–1887.

United States Court of Appeals, First Circuit.

June 26, 2001.

Andrew Tempelman and Priscilla Tempelman, on brief pro se.

Paula M. Junghans, Acting Assistant Attorney General, Thomas J. Clark and Patricia M. Bowman, Attorneys, and Paul M. Gagnon, United States Attorney, on brief, for appellee/cross-appellant.

Before LIPEZ, Circuit Judge, CAMPBELL and CYR, Senior Circuit Judge.

PER CURIAM.

Appellants Andrew and Priscilla Tempelman are a pro se, husband-and-wife team of tax protesters who, for many years, have owned and operated a small inn and restaurant in Milford, New Hampshire. Pursuant to 26 U.S.C. §§ 7401, 7403, the government filed this action to reduce to judgment several tax assessments against the Tempelmans and to foreclose certain tax liens on their property. Those assessments and liens stemmed primarily from the Tempelmans' unpaid federal income tax liabilities for four separate tax years (1983–85 & 1990). In a comprehensive opinion, the district court awarded summary judgment to the government, rejecting the Tempelmans' various arguments and concluding that they owed $163,229 plus interest from September 3, 1999. *See United States v. Tempelman,* 111 F.Supp.2d 85 (D.N.H.2000). In an ensuing order, the court authorized a foreclosure sale and directed the Tempel-

mans to vacate the property. The court chose to stay the effective date of this order, however, until all appellate proceedings, including any request for a writ of certiorari from the Supreme Court, were resolved.

The Tempelmans have now appealed from the court's rulings, while the government has cross-appealed from the entry of a stay. Having fully reviewed the record and the parties' submissions, we affirm the award of summary judgment largely on the basis of the district court's decision. In turn, primarily because the Tempelmans' appeals are so clearly lacking in merit, we think it appropriate at this point to lift the stay and let the district court's "order to vacate premises and order of foreclosure by sale" take effect.

*The Tempelmans' Appeals*

The Tempelmans, having advanced a multitude of objections below, have pursued five principal arguments on appeal. Each proves unavailing.

■ They first contend that, once an earlier levy on the property was released, the government was barred from undertaking any further collection efforts—i.e., from getting a "second bite at the apple." The district court properly rejected this assertion with the following explanation:

> A release of levy neither extinguishes the underlying lien nor discharges the specific property levied upon from the lien.... Rather, when the government releases a levy upon specific property, it retains the authority to levy upon that property at a later date or, as in the present case, to enforce a lien upon the property through a subsequent civil action.

*Tempelman,* 111 F.Supp.2d at 92; *accord, e.g., Stewart Title & Trust of Phoenix v. Ordean,* 528 F.2d 894, 898 (9th Cir.1976).

The Tempelmans have proffered no meaningful rebuttal.

■ Second, the Tempelmans allege that the stipulated agreement adopted by the Tax Court in 1991, pertaining to tax years 1983–85, was obtained through fraud and duress. This claim fails for at least two reasons. For one thing, it suffers from a lack of proof. As the district court noted, the so-called new evidence on which the Tempelmans now rely (two accountants' reports prepared in 1994 and 1995) is "not relevant to whether the stipulated agreement ... was obtained through fair or foul means." *Tempelman,* 111 F.Supp.2d at 94; *see also Tempelman v. United States,* 1993 WL 190882, at *2 (1st Cir.1993) (per curiam) (in earlier appeal, characterizing this same claim as "farfetched"). For another thing, the Tax Court ruling is not now before us for review. Rather, its decision is a final judgment that, unless reopened by that court, is binding on res judicata grounds. *See, e.g., Commissioner v. Sunnen,* 333 U.S. 591, 598, 68 S.Ct. 715, 92 L.Ed. 898 (1948); *United States v. Zimmerman,* 478 F.2d 59, 60–62 (7th Cir.1973). The Tempelmans' reliance on Fed.R.Civ.P. 60(b) is misplaced. And their pro se status provides no basis to excuse their failed attempts to seek reconsideration of the Tax Court decision or to secure review thereof in this court. *See, e.g., Lefebvre v. Commissioner,* 830 F.2d 417, 419 (1st Cir.1987) (per curiam).

■ Third, it is alleged that the assessments for tax year 1990 were inaccurate and that notice thereof was never received. The district court properly determined that the "Certificate of Assessments and Payments" constituted presumptive proof both that the assessments were valid and that notice and demand for payment were effected. *See Tempelman,* 111 F.Supp.2d at 94–95 (citing, *e.g., Geiselman v. United*

*States,* 961 F.2d 1, 6 (1st Cir.1992) (per curiam)). And it justifiably concluded, for the reasons there stated, that the Tempelmans failed to rebut those presumptions. *See id.* at 95.

■ Fourth, in an argument first raised below in their motion for reconsideration, the Tempelmans contend that the notices of federal tax liens were never "certified" by a Treasury official, as allegedly required by state law, and so were never properly filed. Various other courts have considered similar arguments and have been unpersuaded. *See, e.g., United States v. Letscher,* 83 F.Supp.2d 367, 377–78 (S.D.N.Y.1999); *Brissey v. Ellison,* 272 Ga. 38, 40, 526 S.E.2d 851 (2000) (concurring opinion). Whatever the construction of the state law in question, *see* N.H.Rev. Stat. § 454 B:3, the form of a federal-tax-lien notice is a matter of federal law to be "prescribed by the Secretary [of the Treasury]." 26 U.S.C. § 6323(f)(3). "[S]uch notice shall be valid notwithstanding any other provision of law regarding the form or content of a notice of lien." *Id.; see also United States v. Union Central Life Ins. Co.,* 368 U.S. 291, 82 S.Ct. 349, 7 L.Ed.2d 294 (1961). The Secretary has directed that such notice be filed on "Form 668." *See* 26 C.F.R. § 301.6323(f)–1(d). Form 668 was employed in the instant case.

Finally, the Tempelmans allege that the district court failed to address their counterclaim, which sought damages and other relief from the United States. Yet shortly after that pleading was filed, the Tempelmans explained that it was directed, not against the United States, but against various government officials "who have yet to be joined as parties." *See* Dkt. # 10 ¶ 3. They later submitted a motion to amend their counterclaim in order to name such officials, but that request was denied. This ruling has not been challenged on appeal and so is not properly before us. Accordingly, as the district court explained, the only counterclaim on record was the one against the United States, which was effectively withdrawn.

*The Government's Cross–Appeal*

■ Having now had the chance to review the merits of the case, we agree with the government that there is no longer any basis for staying the effective date of the district court's "order to vacate premises and order of foreclosure by sale." As outlined above, and as recounted in greater detail by the district court, the Tempelmans' various arguments fall well short. The ongoing harm to the government—in particular, the diminution in the property's value stemming from the accumulating local taxes and interest, together with the possible issuance of a tax deed by the town—is not insignificant. And the Tempelmans have provided no reason to keep the stay in place.

The judgment of the district court is affirmed. The stay of its combined "order to vacate premises and order of foreclosure by sale" is hereby lifted. That order will take effect as of the date that mandate issues in these appeals.