[NOT FOR PUBLICATION--NOT TO BE CITED AS PRECEDENT]

# United States Court of Appeals
## For the First Circuit

Nos. 01-2729
     02-1376

UNITED STATES,

Plaintiff, Appellee,

v.

ANDREW D. TEMPELMAN; PRISCILLA TEMPELMAN,

Defendants, Appellants.

APPEALS FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW HAMPSHIRE

[Hon. Paul J. Barbadoro, U.S. District Judge]

Before

Selya, Lynch and Lipez,
Circuit Judges.

Andrew D. Tempelman and Priscilla Tempelman on brief pro se.
Eileen J. O'Connor, Assistant Attorney General, Thomas J. Clark and Patricia M. Bowman, Attorneys, Department of Justice, and Thomas P. Colantuono, United States Attorney, on brief for appellee.

October 10, 2002

**Per Curiam**.  Last year, this court affirmed a pair of rulings in which the district court (1) concluded that the appellant taxpayers owed substantial amounts in unpaid federal income taxes and (2) authorized a foreclosure sale of their property.  See United States v. Tempelman, 12 Fed. Appx. 18, 2001 WL 725370 (1st Cir. 2001) (per curiam), cert. denied, 122 S. Ct. 842 (2002).  The property has since been sold at public auction pursuant to 28 U.S.C. § 2001(a).  In the instant appeals, the taxpayers now challenge a trio of orders in which the district court (1) confirmed the sale, (2) authorized the disbursement of the proceeds, and (3) denied their request for "equitable redemption."  We affirm.[1]

None of the taxpayers' several assignments of error requires extended discussion.  "It is well established that confirmation of a judicial sale rests in the sound discretion of the district court and will not be disturbed on appeal except for abuse."  United States v. Peters, 777 F.2d 1294, 1298 n.6 (7th Cir. 1985).  Such sales "enjoy a certain favor in the law" and will not be overturned "[i]n the absence of

_____

[1]   The government has suggested that, because the sale has occurred and the proceeds disbursed, one or both of the appeals are moot.  Yet in contrast to cases such as Oakville Dev. Corp. v. F.D.I.C., 986 F.2d 611 (1st Cir. 1993), and Holloway v. United States, 789 F.2d 1372 (9th Cir. 1986), the relief sought by the taxpayers here includes more than just a request to prevent or overturn the sale.  Their challenge to the district court's refusal to recognize a right of redemption, for example, presents an ongoing controversy.

substantial grounds." <u>Schwartz</u> v. <u>J.R. Cianchette & Sons Corp.</u>, 362 F.2d 500, 505 (1st Cir. 1966); <u>accord</u>, <u>e.g.</u>, <u>M.R.R. Traders, Inc.</u> v. <u>Cave Atlantique, Inc.</u>, 788 F.2d 816, 818 (1st Cir. 1986). No "substantial grounds" have been cited here. The taxpayers advance various objections to the manner in which the sale was conducted. Yet their complaints, in turn, involve events that were necessitated by their own conduct (the relocated auction site), or that operated to their benefit (the revised property tax arrangement), or that were trivial (the timing of the notices; the mistaken listing of the property's address; the involvement of government counsel at the auction). Furthermore, the government disclosed all such matters to the district court in its motion to confirm the sale. The taxpayers filed their opposition to that motion three days after a court-imposed deadline (and two days after the court's ruling). And neither in that opposition nor on appeal have they made a colorable showing of prejudice. Under these circumstances, it cannot be said that the court abused its discretion in confirming the sale.

We likewise perceive no error in the denial of the motion for equitable redemption. As the taxpayers concede, 28 U.S.C. § 2001(a) confers no redemption rights. Their reliance on 26 U.S.C. § 6337(b), which applies to property sold under a levy and distraint proceeding, is misplaced. <u>See</u>, <u>e.g.</u>, <u>United</u>

-3-

States v. Heasley, 283 F.2d 422, 427 (8th Cir. 1960); cf. United States v. Rodgers, 461 U.S. 677, 695-700 (1983) (explaining distinction between administrative levy and judicial forfeiture proceedings).  Even if state law redemption rights could be invoked in this context--a proposition we need not decide--the timing of the taxpayers' motion would render the relevant New Hampshire statute inapplicable.  See N.H. Rev. Stat. Ann. § 80:69 (permitting redemption "at any time before a deed ... is given by the collector").  And the taxpayers' lack of "clean hands"--as evidenced, inter alia, by their unauthorized refusal to vacate the premises as ordered--suffices to reject their appeal to general principles of equity.

Affirmed.