**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JUL 15 2003**

**PATRICK FISHER**
**Clerk**

PUBLISH

## UNITED STATES COURT OF APPEALS

### TENTH CIRCUIT

---

BRIAN HOMER MARCH and
VICTORIA BACA MARCH,

     Plaintiffs-Appellants,

v.

INTERNAL REVENUE SERVICE,

    Defendant-Appellee.

No. 02-2087

---

**APPEAL FROM THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**
**(D.C. No. CIV-01-895 LH/KBM)**

---

Submitted on the briefs:[*]

Paul F. Becht of the Becht Law Firm, Albuquerque, New Mexico, for Plaintiffs-Appellants.

David C. Iglesias, United States Attorney, and Manuel Lucero, Assistant U.S. Attorney, District of New Mexico, Albuquerque, New Mexico, for Defendant-Appellee.

---

Before **KELLY**, **McKAY**, and **MURPHY**, Circuit Judges.

---

    [*]After examining the briefs and appellate record, this panel has determined unanimously to honor the parties' request for a decision on the briefs without oral argument. See Fed. R. App. P. 34(f). The case is therefore submitted without oral argument.

**McKAY**, Circuit Judge.

_____

We originally filed an opinion in this case on February 25, 2003. Appellee Internal Revenue Service subsequently filed a Motion to Amend Opinion and Appellants filed a Response to Appellee's Motion to Amend Opinion. We construe both Appellee's motion and Appellants' response as motions for rehearing and grant them to the extent necessary to clarify our discussion of the procedures and forms used by the IRS. Having reviewed the issues raised in the motion, we hereby vacate our opinion filed on February 25, 2003, and substitute this opinion to clarify that Form RACS 006 satisfies the statutory and regulatory notice requirements. The petitions for rehearing are in all other respects denied.

This is a review of a decision by the bankruptcy court denying Appellants' objection to the IRS's proof of claim for unpaid taxes. The facts, as found by the bankruptcy court and unchallenged by Appellants, indicate that Appellants did not file a tax return or pay income tax for the years 1992 through 1997. As part of Appellants' bankruptcy proceeding, the IRS filed a proof of claim for unpaid taxes. Appellants objected to the proof of claim, arguing that the IRS failed to comply with certain requirements of the Internal Revenue Code and Treasury Regulations. The bankruptcy court dismissed the objections. On appeal, the district court adopted the recommendation of the magistrate judge and dismissed

the appeal.

On appeal to this court, Appellants make two claims: (1) that Appellants were never served with the requisite deficiency notices, and (2) that the form provided by the IRS did not contain a seal of the district director of the IRS. Specifically, Appellants claim that the IRS is required to complete a Summary Record of Assessment on Form 23C. We review the district court's legal determinations *de novo*. See In re Hedged-Investments Associates, Inc. 84 F.3d 1267, 1268 (10th Cir. 1996).

With respect to the first claim, Appellants argue that, pursuant to 26 U.S.C. § 6203 and 26 C.F.R. § 301.6203-1, the IRS must provide a taxpayer, upon request, with an assessment of taxes due. They further allege that the assessment must be made on Form 23C and signed by an authorized officer of the IRS. In response to Appellants' request for a proof of claim for unpaid taxes, the IRS provided Certificates of Assessments and Payments on Form 4340. Appellants assert that Form 4340 does not meet the requirements of the regulations.

Title 26 U.S.C. § 6203 simply provides that

> [t]he assessment shall be made by recording the liability of the taxpayer in the office of the Secretary in accordance with rules or regulations prescribed by the Secretary. Upon request of the taxpayer, the Secretary shall furnish the taxpayer a copy of the record of the assessment.

The regulations accompanying this statute provide that "[t]he assessment shall be

made by an assessment officer signing the summary record of assessment." 26 C.F.R. § 301.6203-1 (2002). The regulations further provide that the summary record of assessment shall include certain information and that upon a taxpayer's request, "he shall be furnished a copy of the pertinent parts of the assessment which set forth [certain information]." Id.

As Appellants note, the IRS has historically used Form 23C as the "Summary Record of Assessments" or "Assessment Certificate," as explained in the Internal Revenue Service Manual. As Appellants concede, however, the Service Manual is not binding on this court. Furthermore, no regulation or statute requires that the "copy of the record of the assessment" mentioned in 26 U.S.C. § 6203 be made on Form 23C.

Nevertheless, regardless of the form used, the IRS must comply with the regulations governing the assessment process. The purpose of these regulations is to ensure both the efficiency and the accuracy of the assessment process. The signature requirement in 26 C.F.R. § 301.6203-1 appears to serve multiple purposes. The requirement ensures that an assessment officer reviews the assessment before it is sent to the taxpayer, and the placing of the officer's signature establishes an effective date of the assessment that is relevant for certain timing requirements. Historically, the document reviewed and signed by the assessment officer has been Form 23C.

To ensure the taxpayer's ability to challenge alleged errors in the assessment process, the regulations allow the taxpayer to request a copy of certain parts of the assessment record. However, the courts have generally held that the IRS need not provide a taxpayer with a copy of the actual Summary Record of Assessment. Instead, the courts have held that the IRS may submit Certificates of Assessments and Payments on Form 4340. Form 4340 details the assessments made and the relevant date that a Summary Record of Assessment was executed. The courts have also held that these Certificates on Form 4340 "are presumptive proof of a valid assessment." See Guthrie v. Sawyer, 970 F.2d 733, 737 (10th Cir. 1992) (quotations and citations omitted); United States v. Tempelman, 111 F. Supp. 2d 85, 90-91 (D.N.H. 2000), *aff'd*, 2001 WL 725370 (1st Cir. June 26, 2001); United States v. Estabrook, 78 F. Supp. 2d 558, 561-62 (N.D. Tex. 1999).

The Commissioner "has for a number of years been engaged in making a transition in [his] assessment procedure from the general use of a manually prepared Form 23C to the general use of RACS 006." Roberts v. Commissioner, 118 T.C. 365, 370 (2002), *aff'd without published opinion* (11th Cir. March 13, 2003). See United States v. Letscher, 83 F. Supp. 2d 367, 375 (S.D.N.Y. 1999); Leier v. Dept. of Treasury/IRS, 73 A.F.T.R.2d (RIA) 533, 534 (M.D. Fla. 1993); Tsimbidis v. IRS, 72 A.F.T.R.2d (RIA) 6640, 6641 (E.D. Va. 1993). Like Form 23C, RACS Report 006 is a summary record of assessment. However, RACS

Report 006 is generated on the computer and then signed by an assessment officer on the date of assessment in accordance with 26 C.F.R. § 301.6203-1. See Internal Revenue Manual 3.17.63.21.6(2)(b) (Oct. 1, 2002). See also Roberts, 118 T.C. at 370, n.8. Form 23C is now only used when the computer is unavailable. See Erickson v. United States, 1990 WL 322794, at *7 (W.D. Wash. Aug. 15, 1990).

Therefore, as the IRS concedes in its brief, Form 23C is not generally used. Nevertheless, since RACS Report 006 contains the same information contained on Form 23C and is certified and signed by an assessment officer, RACS Report 006 satisfies the signature and certification requirements of 26 C.F.R. § 301.6203-1. Furthermore, as discussed above, production of a Form 4340 creates a presumption that a Summary Record of Assessment, whether on Form 23C or RACS Report 006, was validly executed and certified.[1] As the magistrate judge found, the Certificates of Assessment provided to Appellants on Form 4340 were certified and valid. Therefore, Appellants' first claim has no merit.

The Appellants' second claim asserts that, even if the IRS is permitted to

---

[1]We note that the General Accounting Office, in a report to Congress on March 6, 1996, identified certain inaccuracies and problems with the use of RACS 006. Such inaccuracies and deficiencies have not been raised with respect to the facts in this case and are therefore irrelevant. Our review is limited to a determination of whether an assessment on RACS 006 qualifies as a summary assessment for purposes of 26 C.F.R. § 301.6203-1.

file its proof of claim on a form other than Form 23C, the substitute form must be certified with the seal of the district director pursuant to 26 C.F.R. § 301.7514-1 (c), (d). As an initial matter, Appellants have waived this claim by not raising it in the bankruptcy court. Furthermore, the claim is clearly invalid since the forms sent by the IRS contained the seal.

The regulations cited by Appellants merely provide that the various official seals of certain offices of the IRS may be used in lieu of the seal of the Treasury Department when the attestation or certification is required of an officer in that office. The regulations further provide that courts must take judicial notice of the various seals of the IRS. 26 C.F.R. § 301-7514-1(c), (d). The regulations merely require that the assessments be signed by "an assessment officer," which is appointed by the district director. 26 C.F.R. § 301.6203-1 (2002). The Form 4340 provided to the taxpayers establishes a presumption that a Form 23C or RACS 006 was validly signed and certified.

After a thorough review of the record and the briefs, we conclude that the district court did not err in dismissing the appeal, and its Order of December 31, 2002, is **AFFIRMED**. Appellee's Motion to Amend Opinion, which we construe as a Motion for Rehearing, is **GRANTED.**