**F I L E D**

**UNITED STATES COURT OF APPEALS**

**June 21, 2006**

**TENTH CIRCUIT**

LAURENCE RENE´ GOODMAN,

    Plaintiff-Appellant,

v.

UNITED STATES OF AMERICA,

    Defendant-Appellee.

No. 05-1440

(D. Colo.)

(D.C. No. 04-CV-1162-LTB-MJW)

**ORDER AND JUDGMENT**[*]

Before **HENRY**, **BRISCOE**, and **O'BRIEN**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* FED. R. APP. P. 34(a)(2); 10TH CIR. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Laurence Rene´ Goodman, appearing pro se, appeals the district court's dismissal of his petition for mandamus as moot. The district court concluded that the government had already produced the assessment records relating to Mr.

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Goodman's unpaid income taxes that the Internal Revenue Service was attempting to collect by levy. For the reasons given below, we affirm the district court's dismissal of Mr. Goodman's petition for mandamus as moot.

## I. BACKGROUND

On March 4, 2004, the IRS sent Mr. Goodman a copy of a Notice of Levy to collect unpaid income taxes, penalties, and interest totaling $220,928.33 for 1997 and $145,272.80 for 1998. In a letter to the IRS dated March 23, 2004, Mr. Goodman requested copies of "procedurally proper assessment certificates for the principal of each class of tax assessed," specifically including "the Form 23C Assessment Certificate," "support documents for each assessment certificate," "Form 2162 Notice of Assessment," "Form 3553 Prompt Assessment Billing Assembly," "Form 4907 Notice of Taxpayer Delinquent Account," and "Form 17 notice and demand for payment." He demanded a response "within 20 days from the date the IRS receives this letter." Rec. doc. 1, ex. A at 1-2.

On June 7, 2004, Mr. Goodman filed a "Petition in the Nature of a Writ of Mandamus to Susan Meredith, Agent of the District Director, Internal Revenue Service" in federal district court. *Id*. doc. 1. He said that the IRS had not responded to his March 23, 2004, request for documents, and he asked the court to direct Susan Meredith, an IRS employee, to produce a "procedurally correct copy of the document identified as a 'Record of the Assessment' signed by an

assessment officer, as required pursuant to Section 6203, Title 26, United States Code." *Id.* at 3.

On August 3, 2004, the United States sent Mr. Goodman Forms 4340, Certificates of Assessment, Payments and Other Specified Matters, for 1997 and 1998. *Id.* doc. 14, Exs. 1, 2. Each Form 4340 identified taxpayer, the tax period at issue, the character of the tax – described as "Form: 1040," meaning income tax – the amounts assessed, and the date of the assessment.

The district court referred Mr. Goodman's petition to the magistrate judge. The United States filed a motion to dismiss Mr. Goodman's petition as moot. The government acknowledged that, under Section 6203 of the Internal Revenue Code (26 U.S.C.) (I.R.C.), Mr. Goodman was entitled to receive a copy of the assessment records for amounts that the IRS was seeking to collect. The government asserted, however, that Mr. Goodman had been provided with copies of IRS Forms 4340, Certificates of Assessments and Payments, for 1997 and 1998 and that the petition was therefore moot. Rec. doc. 12, at 3-4. The government attached copies of Mr. Goodman's Forms 4340 to its motion.

Mr. Goodman argued that he was entitled to "summary records" of assessment that he had not yet received. *Id.* doc. 25, at 3. The government then sent Mr. Goodman copies of IRS RACS 006s, which are computer-generated forms that reflect summary information about all of the assessments that the IRS makes on a particular date, and filed a motion to include copies of the RACS 006s

in the record. *Id.* at 3, 5 n.1; docs. 31, 32. Those reports showed the assessment summaries for the dates on which Mr. Goodman's 1997 and 1998 taxes were assessed.

Mr. Goodman moved to strike the Forms 4340 and the RACS 006s from the record. The magistrate judge denied the motions to strike and indicated that he would treat the government's motion to dismiss as a motion for summary judgment, taking into consideration the Forms 4340 and RACS 006s. Mr Goodman opposed the motion to dismiss, contending that there were material issues of fact in dispute. He also filed a consolidated motion to strike the motion to dismiss and for a continuance to allow him to conduct discovery.

The magistrate judge recommended that the motion to dismiss for mootness, viewed as a motion for summary judgment, be granted. The magistrate judge concluded that the government had already produced documents that satisfied the mandates of I.R.C. § 6203 and Treasury Regulation § 301.6203-1 and that Mr. Goodman merely sought to obtain documents in his "preferred format." Rec. doc. 58, at 4-5.

Mr. Goodman filed a motion for a more definite statement, which the magistrate judge denied. Mr. Goodman then filed a motion for recusal or for an evidentiary hearing, in which he accused the magistrate judge of "*actual bias* against [him]." *Id.* doc. 64, at 2 (emphasis in original). The magistrate judge also denied that motion.

The district court adopted the magistrate judge's recommendations with respect to the government's motion to dismiss for mootness, "considered as a Motion for Summary Judgment," and dismissed the action. *Id.* doc. 74, at 2.

## II. DISCUSSION

A. Standard of Review

The district court's finding of mootness was embodied in an order granting the defendant's motion for summary judgment. We review de novo a judgment of dismissal for mootness. *Anderson v. U.S. Dep't of Health & Human Servs.*, 3 F.2d 1383, 1384 (10th Cir. 1993). Subject matter jurisdiction is appropriately dealt with by means of a motion to dismiss under Federal Rule of Civil Procedure Rule 12(b)(1), and we will treat the district court's summary judgment ruling as if it were a ruling on a Rule 12(b)(1) motion.

"A case is moot when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *City of Erie v. Pap's A.M.*, 529 U.S. 277, 287 (2000) (internal quotation marks omitted). "The core question in a mootness inquiry is whether granting a present determination of the issues offered . . . will have some effect in the real world." *Kennecott Utah Copper Corp. v. Becker*, 186 F.3d 1261, 1266 (10th Cir. 1999) (internal quotation marks omitted) (omission in original).

To be entitled to mandamus relief, Mr. Goodman must show (1) a clear right to relief, (2) a "plainly defined and peremptory" responsibility of the respondent to perform the act in question, and (3) the absence of any other adequate remedy. *Rios v. Ziglar*, 398 F.3d 1201, 1206 (10th Cir. 2005). Because Mr. Goodman is representing himself on appeal, his pleadings will be liberally construed. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). We agree with the district court that Mr. Goodman cannot make these showing, and that he received all information to which he is entitled.

B. Section 6203 of the Internal Revenue Code

Section 6203 of the Internal Revenue Code provides that an assessment of tax "shall be made by recording the liability of the taxpayer in the office of the Secretary in accordance with rules or regulations prescribed by the Secretary." Treasury Regulation § 301.6203-1 amplifies this rule by stating that an assessment is made "by an assessment officer signing the summary record of assessment," which shall include the "identification of the taxpayer, the character of the liability assessed, the taxable period, if applicable, and the amount of the assessment."

Section 6203 also provides that "a copy of the record of assessment" must be furnished to the taxpayer upon request. Treasury Regulation § 301.6203-1 specifies that "[i]f the taxpayer requests a copy of the record of assessment, he shall be furnished a copy of the pertinent parts of the assessment which set forth

the name of the taxpayer, the date of assessment, the character of the liability assessed, the taxable period, if applicable, and the amounts assessed."

No particular form or document is needed to satisfy the requirements of I.R.C.§ 6203 and Treasury Regulation § 301.6203-1. Instead, an assessment record is sufficient if it provides the taxpayer with the required information. *See, e.g., Taylor v. IRS*, 69 F.3d 411, 419 (10th Cir. 1995) (noting that Forms 4340 provide "all of the information required under Treasury Regulation § 301.6203-1"); *Koff v. United States*, 3 F.3d 1297, 1298 (9th Cir. 1993); *Gentry v. United States*, 962 F.2d 555, 558 (6th Cir. 1992); *United States v. Chila*, 871 F.2d 1015, 1017 (11th Cir. 1989).

Until its transition to computerized recordkeeping, the IRS generally used Form 23C for the summary record of assessment, but it now uses a computer-generated summary record of assessment known as the RACS 006. Both forms have been recognized as summary records of assessment within the meaning of I.R.C. § 6203 by this court. *March v. IRS,* 335 F.3d 1186, 1188 (10th Cir. 2003); *see also Roberts v. Comm'r*, 329 F.3d 1224, 1228 (11th Cir. 2003).

IRS Form 4340, Certificate of Assessments and Payments, also has been deemed to satisfy the requirements of I.R.C. § 6203 and Treasury Regulation. § 301.6203-1. This court and others have held that Form 4340 provides "all of the information required under Treasury Regulation § 301.6203-1," because it identifies the taxpayer, informs him of the character of the liability assessed, the

tax periods giving rise to the assessment, and the amount of the assessment. *Taylor*, 69 F.3d at 419; *see also March*, 335 F.3d at 1188; *Guthrie v. Sawyer,* 970 F.2d 733, 737 (10th Cir. 1992).  According to the government, the District IRS Form 4340 is an official document that is derived from coded information in a taxpayer's individual master file (IMF) contained in the IRS's computer system. An IMF is the file maintained by the IRS that includes transactions on an individual's tax account, including Forms 1040 and related documents.  *See United States v. Buford*, 889 F.2d 1406 (5th Cir. 1989).

C. Section 6203 as Applied to Mr. Goodman

We have  recognized that the RACS 006 is a summary record of assessment "[l]ike Form 23C," but that it is instead "generated on a computer." *March*, 335 F.3d at 1188.  The court has held that RACS 006 "satisfies the signature and certification requirements of 26 C.F.R. § 301.6203-1." *Id.* at 1188-89.

We agree with the government that Mr. Goodman's "right to relief" has already been honored, and the government has no further "responsibility" to Mr. Goodman in this regard.  *See Rios*, 398 F.3d 1201, 1206 (10th Cir. 2005). The United States provided him with two sets of documents reflecting the assessments of his 1997 and 1998 taxes, first the Forms 4340 and then the RACS 006s.  Despite Mr. Goodman's continuing protests, he has now received all of the information to which he is entitled under I.R.C. § 6203 and Treasury Regulation § 301.6203-1.  The district court was correct in upholding, after a de novo review

of the record, the magistrate judge's recommendation for dismissal of Mr.

Goodman's petition as moot.

## III. CONCLUSION

Accordingly, we AFFIRM the district court's order and DISMISS Mr.

Goodman's appeal as MOOT.

Entered for the Court,


Robert H. Henry
Circuit Judge