**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**August 13, 2013**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

RON A. REDDICK,

       Petitioner-Appellant,

v.

COMMISSIONER OF INTERNAL
REVENUE,

       Respondent-Appellee.

No. 12-9014
(T.C. No. 22235-11L)
(Tax Court)

**ORDER AND JUDGMENT**[*]

Before **HOLMES**, **HOLLOWAY**, and **BACHARACH**, Circuit Judges.

Ron A. Reddick has filed a petition for review of the Tax Court's decision

sustaining the Commissioner of Internal Revenue's proposed levy to collect unpaid

federal income tax liabilities, penalties, and interest from him for the 2006 tax year.

Exercising jurisdiction under 26 U.S.C. § 7482(a)(1), we deny the petition for review

and affirm the Tax Court.

---

[*]    After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist the determination of this
appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel. It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

For the reasons set forth in the Commissioner's response brief, Mr. Reddick's arguments challenging the Commissioner's tax assessments based on alleged defects related to the Form 4340 are without merit, *see* Aplee. Br. at 12-16, and they deserve no further comment given this court's decisions in *Ford v. Pryor*, 552 F.3d 1174, 1178-79 (10th Cir. 2008) (holding that a Form 4340 is presumptive proof of a valid assessment); *March v. IRS*, 335 F.3d 1186, 1187-89 (10th Cir. 2003) (same); *Taylor v. IRS*, 69 F.3d 411, 419 (10th Cir. 1995) (same); and *Guthrie v. Sawyer*, 970 F.2d 733, 737-38 (10th Cir. 1992) (same). Because Mr. Reddick failed to pay the income tax liability that he himself reported on his untimely 2006 tax returns, we also agree with the Commissioner that there was no requirement to issue a notice of deficiency before attempting to collect the late-filing penalty imposed under 26 U.S.C. § 6651(a)(1). *See* Aplee. Br. at 16-19. Finally, as pointed out by the Commissioner, Mr. Reddick's appellate arguments concerning the penalty are so vague and conclusory that they do not merit consideration, and he waived his apparent challenge to the assessment of accrued interest by failing to assert that challenge in the Tax Court.

The petition for review is denied.

Entered for the Court

Jerome A. Holmes
Circuit Judge

- 2 -