ALD-032                                                              **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 15-2062
_____

UNITED STATES OF AMERICA

v.

PAUL F. BASILE;
BARBARA BASILE

Paul F. Basile,
Appellant

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil No. 5:13-cv-06425)
District Judge:  Honorable Paul S. Diamond

_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
October 29, 2015
Before:  AMBRO, SHWARTZ and GREENBERG, Circuit Judges

(Opinion filed: November 2, 2015)
_____

OPINION[*]
_____

PER CURIAM

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

Paul F. Basile appeals from the order of the District Court granting the Government's motion for summary judgment in an action to reduce to judgment his and his wife's tax liabilities. We will summarily affirm the judgment of the District Court. See 3d Cir. LAR 27.4; 3d Cir. I.O.P. 10.6.

Because we write primarily for the parties, we need only recite the facts necessary for our discussion. In 2011, following a jury trial, Paul Basile was convicted in the United States District Court for the Eastern District of Pennsylvania of one count of conspiracy to defraud the United States, five counts of tax evasion, and two counts of filing a false tax return. His wife, Barbara Basile, was also convicted of one count of conspiracy, two counts of tax evasion, willful failure to file a tax return, and filing a false tax return. We affirmed the Basiles' convictions and sentences on appeal. See United States v. Basile, 570 F. App'x 252 (3d Cir. 2014) (not precedential).

In November 2013, the Government filed an action in the District Court seeking to reduce to judgment federal tax assessments against Paul Basile for tax year 1995, and against both Paul and Barbara Basile, for tax years 1998 through 2001. The Basiles moved to dismiss the action, but their motion was denied. Thereafter, the Government filed a motion for summary judgment, attaching certified copies of IRS Forms 4340, "Certificates of Assessments and Payments," showing timely assessments for the Basiles' income tax liability (as well as interest and penalties) for the years at issue. The

2

Government argued that the Basiles had produced no evidence to counter the presumptive proof contained within the Forms 4340.

Upon review of the Government's summary judgment motion, the District Court ordered the parties to brief whether the Government's assessments of the Basiles' tax liabilities (as well as its subsequent collection action) were timely under the applicable statutes of limitations. After determining that the Government timely assessed and moved to collect the Basiles' tax liabilities, the District Court granted the Government's motion and entered judgment in favor of the United States and against the Basiles in the amount of $743,600.01, plus statutory additions. The Court also entered judgment against Paul Basile, individually, in the amount of $471,256.79, plus statutory additions. Paul Basile has timely appealed from the District Court's decision.[1]

We have jurisdiction pursuant to 28 U.S.C. § 1291. Our review is plenary. See Abramson v. William Patterson Coll. of N.J., 260 F.3d 265, 276 (3d Cir. 2001).

We agree with the District Court's conclusion that the Forms 4340 that the Government submitted were sufficient to demonstrate the existence, amount, and date of each assessment. See Freck v. IRS, 37 F.3d 986, 991 n.8 (3d Cir. 1994) (determining that assessments are presumed valid and establish a *prima facie* case of tax liability). We also agree that the Basiles presented no persuasive evidence or argument that they are not liable for the assessments made against them. Indeed, they did not challenge the

---

[1] Barbara Basile has not separately appealed the District Court's decision.

correctness of the amounts due. See United States v. Vespe, 868 F.2d 1329, 1331 (3d Cir. 1989) (holding that once the Government establishes its case, the taxpayer then bears the burden of proving that he is not liable for the assessments).

Paul Basile argues on appeal (as he did before the District Court) that the assessments are not valid because the Government failed to additionally produce copies of IRS Forms 23C, "Summary Records of Assessment," for the relevant tax years. However, the District Court correctly determined that, given that the Basiles did not allege that the Forms 4340 were incorrect or otherwise invalid, the Government was not required to also submit Forms 23C in order to validate their tax liabilities. See March v. IRS, 335 F.3d 1186, 1188 (10th Cir. 2003); see also Gentry v. United States, 962 F.2d 555, 558 (6th Cir. 1992); Geiselman v. United States, 961 F.2d 1, 6 (1st Cir. 1992) (per curiam).[2]

Accordingly, we will affirm the District Court's judgment.

_____

[2] Although Paul Basile does not dispute the District Court's ruling as to the timeliness of the Government's assessments and collection action, for the reasons carefully identified by the District Court, we agree that the Government complied with the applicable statutes of limitations.