FILED
**United States Court of Appeals**
**Tenth Circuit**

**June 10, 2024**

**Christopher M. Wolpert**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

RYAN K. JONES; TARAH F. JONES,

    Defendants - Appellants.

No. 23-5112
(D.C. No. 4:19-CV-00432-TDD-JFJ)
(N.D. Okla.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **TYMKOVICH**, **BACHARACH**, and **CARSON**, Circuit Judges.
_____

The United States commenced this action pursuant to 26 U.S.C. § 7401 to reduce unpaid income tax and related penalties and interest to a judgment. The district court granted summary judgment for the United States. We have jurisdiction pursuant to 28 U.S.C. § 1291, and affirm.

_____

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

I.  Background[1]

For each of tax years 2001, 2002, and 2003, Appellant Ryan K. Jones had estimated gross income of over $300,000.  Federal law required Mr. Jones to file tax returns.  He failed to do so.[2]  The IRS assessed income tax, penalties, and interest totaling over $467,000.  It gave Mr. Jones notice of the assessments and demanded payment.

For tax years 2012, 2013, 2014, and 2016, Mr. Jones and his spouse, Tarah F. Jones, filed joint income tax returns but they did not pay the amounts they reportedly owed.  For those years, the IRS assessed them tax, penalties, and interest totaling over $194,000.  The IRS gave the Joneses notice of these assessments and made demands for payment.

The Joneses did not pay the amounts assessed.  The United States commenced this action in 2019 to reduce the unpaid tax, penalties, and interest to a judgment.[3]

---

[1] We draw the factual background from the summary judgment record.  It is undisputed except where attributed to only one party.

[2] As the district court summarized, Mr. Jones's "failure to file tax returns stemmed from his belief that no law required him to maintain a social security number [SSN]."  App. at 193.  In his words, he therefore "rescinded and disassociated from" his assigned SSN.  *Id.* at 53.  But he "reassociated" with his SSN in 2012.  *Id.* at 35 (internal quotation marks omitted).

[3] Around thirty months after filing a pro se answer to the complaint, the Joneses, then represented by counsel, sought to amend their answer to add affirmative defenses.  The district court concluded the proposed amendment was futile because the defenses could not survive summary judgment.  *See* App. at 20–25.  The Joneses then raised the same constitutional and legal issues they had sought to plead as affirmative defenses as summary judgment arguments.  In granting summary

On cross-motions for summary judgment, the district court granted summary judgment for the United States. It found that Mr. Jones owed $585,883.74 for tax years 2001–2003, and the Joneses jointly owed $247,768.52, for tax years 2012, 2013, 2014, and 2016. It entered judgment in those amounts, with interest continuing to accrue. The Joneses appeal.

## II.  Discussion

We review the district court's summary judgment rulings de novo. *Lindsay v. Denver Pub. Sch.*, 88 F.4th 1323, 1327 (10th Cir. 2023). We likewise review de novo questions of law, including the constitutionality of a statute. *United States v. Streett*, 83 F.4th 842, 852 (10th Cir. 2023), *petition for cert. filed* (U.S. Apr. 26, 2024) (No. 23-7321).

### A.  The District Court Properly Granted Summary Judgment

No party disputes the material facts.[4] In the district court, the United States filed certificates of assessments (Form 4340), along with declarations and other documents supporting its motion for summary judgment. This provided "presumptive proof of a valid assessment." *March v. IRS*, 335 F.3d 1186, 1188 (10th Cir. 2003) (internal quotation marks omitted); *see also Long v. United States*, 972 F.2d 1174, 1181 (10th Cir. 1992) ("For purposes of granting summary judgment,

---

judgment, the district court rejected the Joneses' arguments for the same reasons it denied them leave to amend. *See* App. at 201.

[4] The Joneses did not contest any of the material facts identified as undisputed by the United States' motion for summary judgment.

a Certificate of Assessments and Payments is sufficient evidence that an assessment was made in the manner prescribed by [26 U.S.C.] § 6203 and [26 C.F.R. §] 301.6203-1.").

The Joneses thus had the burden to overcome the presumption of the IRS's assessments' validity. *See Long*, 972 F.2d at 1181 n.9. They did not do so. Although they raised arguments contesting the IRS's authority to assess and collect the amounts owed, they presented no evidence or arguments contesting the accuracy or validity of the IRS's assessments. The district court therefore properly relied on the Form 4340 certifications and summary judgment record to grant summary judgment against the Joneses. *See Guthrie v. Sawyer*, 970 F.2d 733, 737–38 (10th Cir. 1992) ("If a taxpayer does not present evidence indicating to the contrary, a district court may properly rely on the [Forms 4340] to conclude that valid assessments were made."); *Long*, 972 F.2d at 1181.

### B.  The Joneses' Arguments are Meritless

On appeal, the Joneses do not contest the facts underlying the judgment against them. Instead, they raise arguments challenging the United States' authority to assess and collect the amounts owed. All lack merit.

The Joneses refer to myriad constitutional provisions, historical documents, Internet sources, and other texts. Most of their briefing attacks an array of targets, including the Supreme Court's Commerce Clause decisions, the constitutionality of both the Federal Reserve Bank and paper money, Theodore Roosevelt, *Chevron* deference, United States energy policy, the Food and Drug Administration, federal

4

agencies in general, federal regulations, and Supreme Court constitutional decisions the Joneses characterize as Marxist. However strongly the Joneses—or their counsel—hold these views, they have no bearing on the disposition of this case.

The Joneses acknowledge—as they must—that their arguments "cannot succeed under existing case (and statutory) law," Aplt. Reply Br. at 17 (emphasis removed), and that "under existing caselaw Plaintiff is entitled to summary judgment," Aplt. Opening Br. at 6. That acknowledgment is, of course, fatal to their appeal. We must apply our precedents. *See Vincent v. Garland*, 80 F.4th 1197, 1200 (10th Cir. 2023), *petition for cert. filed* (U.S. Dec. 26, 2023) (No. 23-863). And, even if, as the Joneses argue, the Supreme Court wrongly decided its longstanding jurisprudence, "[o]nly the Supreme Court can overrule its own precedents." *United States v. Maloid*, 71 F.4th 795, 808 (10th Cir. 2023), *cert. denied*, 144 S. Ct. 1035 (2024). Because the Joneses acknowledge the district court's rulings applied controlling precedent, they provide no basis to reverse.

The Joneses' contentions on appeal repeat the same arguments the district court rejected. Given their acknowledgment that controlling law defeats their arguments, and because we agree with the district court's reasoning, we address them only briefly.

*First*, the Joneses claim an equal protection violation based on an inapplicable statute of limitations. The United States usually cannot assess taxes more than three years after a taxpayer files a return, 26 U.S.C. § 6501(a); it then has ten years from the date of the assessment to commence a court action, 26 U.S.C. § 6502(a)(1).

5

If that provision applied, Mr. Jones argues it would time bar the claim for his 2001–2003 taxes. But it does not apply. The IRS can assess taxes "at any time" for taxpayers who, like Mr. Jones, never filed returns. 26 U.S.C. § 6501(c)(3). Mr. Jones argues this raises an equal protection violation, claiming the constitution requires that he benefit from the same time limits as taxpayers who filed returns.[5]

This argument fails. The statutory distinction between taxpayers who file tax returns and those who do not is not a suspect classification so rational-basis constitutional review applies, making it valid so long as there is some "rational relationship between the disparity of treatment and some legitimate governmental purpose." *Armour v. City of Indianapolis*, 566 U.S. 673, 680 (2012) (internal quotation marks omitted). As applicable here, "legislatures have especially broad latitude in creating classifications and distinctions in tax statutes." *Id.* (brackets and

---

[5] Mr. Jones alleges he *offered* to file returns, but the IRS would not accept them without a social security number. Yet nothing prevented him from using his assigned social security number, and he did not file returns for 2001–2003, with or without a SSN. To the extent that the Joneses challenge the legality of either the issuance of SSNs in general or the requirement to include them on tax returns, we reject those arguments as frivolous and insufficiently developed. Again, the Joneses do not argue they could prevail on such an argument under controlling precedent; instead, they argue that we and the Supreme Court have wrongly decided long-established constitutional jurisprudence.

The Joneses also argue the IRS *could* have prepared returns for Mr. Jones beginning in 2004, pursuant to 26 U.S.C. § 6020(a). But that statute provides only that "the Secretary [of the Treasury] *may* prepare [a] return" (emphasis added), and therefore "operates only at the discretion of the Secretary," *In re Mallo*, 774 F.3d 1313, 1324 (10th Cir. 2014). The statute does not require the IRS to prepare a return for Mr. Jones, and not doing so had no effect on the statute of limitations. *See United States v. Stafford*, 983 F.2d 25, 27 (5th Cir. 1993) ("[A]lthough [§ 6020(a)] authorizes the Secretary to file for a taxpayer, the statute does not require such a filing, nor does it relieve the taxpayer of the duty to file.").

internal quotation marks omitted). The district court concluded "there is a rational basis for not applying the limitations period to non-filers: 'to ensure that passage of time will not prevent collection of the tax unless the Government has been informed by the taxpayer that there is, or might be, tax liability.'" App. at 23 (quoting *Lucia v. United States*, 474 F.2d 565, 570 (5th Cir. 1973)). We agree a rational basis exists for treating Mr. Jones differently from taxpayers who filed tax returns. The Joneses do not argue the statutory distinction lacks a rational basis, instead attacking the rational-basis standard of review in general and arguing the Supreme Court wrongly interprets the Interstate Commerce Clause. As above, their arguments ask us to overturn controlling precedent and therefore fail. *See Maloid*, 71 F.4th at 808.

*Second*, Appellants argue the IRS lacks constitutional authority to impose penalties or collect interest. We agree with the district court that this argument is frivolous. *See* App. at 21, 25; *see generally Lonsdale v. United States*, 919 F.2d 1440, 1448 (10th Cir. 1990) (listing "meritless" "tax protester arguments" and imposing sanctions against pro se taxpayers for pursuing them). This argument contradicts long-established precedent upholding the federal government's tax and regulatory authority. *See, e.g.*, *Helvering v. Mitchell*, 303 U.S. 391, 399 (1938) (stating Congress has authority "as to internal revenue, taxation, and other subjects . . . to impose appropriate obligations, and sanction their enforcement by reasonable money penalties, giving to executive officers the power to enforce such penalties . . . ."). It thus fails. *See Maloid*, 71 F.4th at 808.

*Third*, the Joneses argue the doctrine of laches should bar this action. The district court applied the legal rule that "laches . . . usually may not be asserted against the United States." App. at 24 (quoting *Ute Indian Tribe of the Uintah v. Myton*, 835 F.3d 1255, 1263 (10th Cir. 2016)); *accord Dial v. Comm'r*, 968 F.2d 898, 904 (9th Cir. 1992) ("[L]aches is not a defense to the United States' enforcement of tax claims."). The Joneses argue the law should be different, but they cannot prevail under existing law, so again their argument fails. *See Vincent*, 80 F.4th at 1200.

### III. Conclusion

For these reasons, we affirm the district court's judgment.

Entered for the Court

Joel M. Carson III
Circuit Judge

8