LEONARD BEST, AKA LLOYD L. BEST & EVELYN BEST, AKA EVELYN R. BEST, Petitioners, v. COMMISSIONER OF INTERNAL REVENUE, Respondent.
Best v. Comm'r
Docket No. 22241-07
United States Tax Court
2009 U.S. Tax Ct. LEXIS 50; January 2, 2009, Decided
*50 For Petitioners: DONALD W. MACPHERSON, THE MACPHERSON GRUOP, P.C., Phoenix, AZ.
J. ROBERT CUATTO, Associate Area Counsel (Small Business/Self-Employed), Tax Court Bar No. CJ1070, Phoenix, AZ.
James S. Halpern, Judge.
James S. Halpern
DECISION
Pursuant to the agreement of the parties in this case, it is
ORDERED AND DECIDED: That there are deficiencies in income tax due from petitioners for the taxable years 1993 and 1994 in the amounts of $29,084.00 and $45,941.00, respectively; and
That there are additions to tax due from petitioners for the taxable years 1993 and 1994, under the provisions of I.R.C § 6651(a)(1), in the amounts of $6,543.90 and $10,336.73, respectively;
That there are additions to tax due from petitioners for the taxable years 1993 and 1994, under the provisions of I.R.C. § 6651(a)(2), in the amounts of $7,271.00 and $11,485.25, respectively;
That there are no additions to tax due from petitioners for the taxable years 1993 and 1994, under the provisions of I.R.C. § 6651(f); and
That there are additions to tax due from petitioners for the taxable years 1993 and 1994, under the provisions of I.R.C. § 6654, in the amounts of $1,218.58 and $2,366.96, respectively.
(Signed) James S. Halpern
Judge
Entered: JAN 2 2009
It is hereby stipulated that the *51 Court may enter the foregoing Decision in this case.
It is further stipulated that interest will be assessed as provided by law on the deficiencies and additions to tax due from petitioners.
It is further stipulated that, effective upon the entry of this Decision by the Court, petitioners waive the restrictions contained in I.R.C. § 6213(a) prohibiting assessment and collection of the deficiencies and additions to tax (plus statutory interest) until the decision of the Tax Court becomes final.
It is further stipulated that there is no suspension of interest under I.R.C. § 6404(g) for the taxable years 1993 and 1994 .
It is further stipulated that petitioners are not entitled to any administrative and/or litigation fees, costs or expenses under I.R.C. § 7430.
It is further stipulated that respondent claims an increased addition to tax under the provisions of I.R.C. § 6651(a)(1) for the taxable years 1993 and 1994 in the amount of $6,543.90 and $10,336.73, respectively, pursuant to the provisions of I.R.C. § 6214(a)