T.C. Memo. 2014-72

UNITED STATES TAX COURT

LEONARD L. BEST AND EVELYN R. BEST, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 26662-10L.                    Filed April 28, 2014.

        We review R's decision to proceed with collection of Ps' unpaid
income tax.

        <u>Held</u>:  Appeals officer did not abuse her discretion in relying
on transcripts to verify that Ps' unpaid tax had been properly assessed.

        <u>Held</u>, <u>further</u>, documents provided to Ps satisfied R's obligation
to provide them with records of assessment for the unpaid tax.

        <u>Held</u>, <u>further</u>, I.R.C. sec. 6673(a)(1) sanction imposed.

        <u>Held</u>, <u>further</u>, Ps' counsel is ordered to show cause why he
should not be made to pay R's excessive costs pursuant to I.R.C. sec.
6673(a)(2) or be sanctioned pursuant to Rule 33(b), Tax Court Rules
of Practice and Procedure.

[*2]    Donald W. MacPherson, for petitioners.

Chris J. Sheldon and Brandon A. Keim, for respondent.


MEMORANDUM OPINION


HALPERN, Judge:  This case is before us to review a determination by respondent's Appeals Office (determination and Appeals, respectively) to proceed with collection by levy of petitioners' unpaid Federal income tax, additions to tax, and interest (without distinction, tax) for 1993 and 1994.  We review the determination pursuant to section 6330(d)(1).  Respondent has also moved to impose a sanction on petitioners pursuant to section 6673(a)(1).  We will sustain the determination, and we will impose a sanction.  On our own motion, we will order petitioners' counsel to show cause why he should not be made to pay respondent's excessive costs pursuant to section 6673(a)(2) or be sanctioned pursuant to Rule 33(b).

Unless otherwise indicated, all section references are to the Internal Revenue Code of 1986, as amended and in effect at all relevant times, and all Rule references are to the Tax Court Rules of Practice and Procedure.

**[*3]**                              <u>Background</u>

<u>Introduction</u>

The parties have submitted this case for decision without a trial pursuant to Rule 122.  The parties agree that the case may be decided on the basis of the pleadings and the stipulation of facts filed by the parties.  Facts stipulated by the parties are so found.

Petitioners are husband and wife.  They resided in Arizona at the time they filed the petition.

<u>Prior Proceeding</u>

Petitioners' unpaid tax at issue in this case was the subject of a prior case in this Court brought by them in response to a statutory notice of deficiency.  That case, <u>Best v. Commissioner</u>, docket No. 22241-07, was settled by agreement of the parties.  We sustained substantial portions of the deficiencies in tax that respondent determined along with additions to tax for both failure to timely file a return and failure to timely pay tax and for failure to pay estimated tax.  We entered decision in docket No. 22241-07 on January 2, 2009.  Petitioners were represented in that case by their present counsel, Donald W. MacPherson.

[*4] <u>Notice of Intent To Levy and Section 6330 Hearing</u>

On the basis of our decision in docket No. 22241-07, respondent assessed the resulting tax on March 16, 2009.  Petitioners did not on demand pay the assessed tax, and, on December 23, 2009, respondent issued to petitioners a Final Notice of Intent To Levy and Notice of Your Right To a Hearing.  In response thereto, petitioners timely requested a section 6330 hearing (hearing).  By letter from their counsel, Mr. MacPherson, attached to their hearing request, petitioners set forth the following reasons for a hearing:

> a. Taxpayer wishes to pursue collection alternatives, including, <u>inter alia</u>, Offer in Compromise (doubt as to liability, doubt as to collectibility[,] and interest of effective tax administrative [sic]) and/or Installment Agreement.
>
> b. Collection actions such as levy will cause tremendous hardship on Taxpayer.
>
> c. Penalty abatement is requested.

Responsibility for the hearing with Appeals devolved to Settlement Officer Irma Hernandez.  In preparation for conducting the hearing she verified that she had had no prior involvement with petitioners in either Appeals or any other Internal Revenue Service (IRS) function for the type of tax and tax years associated with this case.  She reviewed various computer transcripts of petitioners' accounts for taxable years 1993 and 1994.  On the basis of her review,

[*5] Ms. Hernandez concluded that proper assessments were made, that notice and demand for payment was mailed to petitioners' last known address within 60 days of the assessments, and that there was a balance due for each year when the levy notice was issued.

Communication between Ms. Hernandez and Mr. MacPherson then began. On August 12, 2010, he requested from her copies of transcripts of account for petitioners' 1993 and 1994 tax years. On that same date, she provided to him two documents, each entitled "Account Transcript" (account transcripts), one pertaining to 1993 and the other pertaining to 1994. Among other things, each account transcript identifies petitioners by name and Social Security number, identifies the year and type of tax (Form 1040A) reported, and shows the amounts and dates of assessments.

On September 2, 2010, Mr. MacPherson communicated the following to Ms. Hernandez: "Clients are doubting liability/contesting timely & proper assessment & delegated authority of assessment officer." He requested: "Please provide a 'summary record of assessment,' Form 23C and a Form 4340, plus a copy of the actual document signed by the officer delegated authority to assess in this case, his name, and the delegation order showing his authorization to assess in this case."

[*6]  On September 3, 2010, Ms. Hernandez telephoned Mr. MacPherson to conduct the hearing.  Ms. Hernandez referred to the reasons for the hearing set forth in petitioners' hearing request.  Mr. MacPherson responded that his clients had changed their minds and were withdrawing their request for a collection alternative.  He asked about his request of the previous day for the Form 23C, Assessment Certificate--Summary Record of Assessments, and other documents.  Ms. Hernandez responded that she would not provide petitioners with the documents requested.  She explained that there was no requirement in the Internal Revenue Code or the regulations that Appeals provide the taxpayer with any documents during the hearing process.  She stated that, as a matter of practice, petitioners had been furnished the account transcripts, which "identify the taxpayers, the character of the liability assessed, the taxable period and the amount of the assessment".  Mr. MacPherson stated that the assessments were neither timely nor proper.  He conceded that petitioners had stipulated a decision entered by the Tax Court and were not disputing their underlying liabilities.  He stated that he was disputing the postdecision procedural steps.  Although he claimed that the assessments were not made properly, he gave no specifics.  Ms. Hernandez informed Mr. MacPherson that Appeals would issue a determination sustaining the levy.

**[\*7]** The determination followed, signed by Appeals Team Manager William O'Neill but incorporating an attachment summarizing Ms. Hernandez's determinations and conclusions. In response, petitioners timely filed the petition. By the petition, petitioners pray that, "for lack of proper assessment", we determine that they have no tax liabilities for the years in issue. Alternatively, they pray that we order respondent to provide them "with a Form 23C or RAC 006, or, alternatively, a Form 4340."

Sometime after they filed the petition, respondent provided to petitioners Certificates of Official Records attesting that the annexed Forms 4340, Certificate of Assessments, Payments, and Other Specified Matters, were true Forms 4340 for petitioners' 1993 and 1994 tax years.

Discussion

I.    Review of Determination

A.    Assignments of Error

Rule 331(b) addresses the content of the petition in a lien and levy action. It requires among other things clear and concise assignments of error and clear and concise lettered statements of the facts on which the petitioner bases each assignment of error. Rule 331(b)(4) and (5). The petition, signed by petitioners' counsel, Mr. MacPherson, running 15 pages and containing 94 numbered

**[*8]** paragraphs, contains much extraneous matter (e.g., para. 71:

"RESPONDENT'S recalcitrance causes taxpayers to be most suspicious; 'the best

disinfectant is sunlight.'"; para. 72: "As the courts have stated, 'While the

government expects that its citizens walk square corners, the same can be expected

of the government.'"). We discern petitioners' assignments of error from their

identification on brief of "Questions Presented":

I. WHETHER TREASURY REGULATION 301.6203-1 IS INVALID AND A DENIAL OF DUE PROCESS FOR ITS FAILURE TO REQUIRE THAT UPON REQUEST THE SECRETARY PROVIDE PETITIONERS WITH THE ASSESSMENT SOURCE DOCUMENT, FORM 23C OR RACS 006, INCLUDING THE NAME AND SIGNATURE OF THE ASSESSMENT OFFICER AND THE DATE OF ASSESSMENT.

II. WHETHER FORM 4340 IS SATISFACTORY AS PROOF OF ASSESSMENT.

III. WHETHER PETITIONERS ARE ENTITLED TO THE DELEGATION ORDER WHICH AUTHORIZED THE ASSESSMENT OFFICER TO MAKE THE ASSESSMENT.

IV. WHETHER PETITIONERS WERE DENIED DUE PROCESS OF LAW BY THE APPEALS OFFICER'S REFUSAL TO: (A) VERIFY THE ASSESSMENT BY MEANS OTHER THAN TRANSCRIPTS; (B) PROVIDE PETITIONERS WITH THE FORMS 4340, 23C, AND RACS 006; AND (C) PROVIDE PETITIONER[S] WITH THE DELEGATION ORDER WHICH GAVE THE ASSESSMENT OFFICER AUTHORITY TO ASSESS.

**[*9]** V.  WHETHER THE APPEALS OFFICER ABUSED HER DISCRETION BY REFUSING TO:  (A) VERIFY THE ASSESSMENT BY MEANS OTHER THAN TRANSCRIPTS; (B) PROVIDE PETITIONERS WITH THE FORMS 4340, 23C, AND RACS 006; AND (C) PROVIDE PETITIONERS WITH THE DELEGATION ORDER WHICH GAVE THE ASSESSMENT OFFICER AUTHORITY TO ASSESS.

We discern from those questions two grounds underlying petitioners' assignments of error.  One, they argue that collection cannot proceed because Ms. Hernandez abused her discretion in relying on transcripts to verify that their unpaid tax had been properly assessed.  Two, they argue that collection cannot proceed because neither the account transcripts nor the Forms 4340 meet respondent's duty imposed by section 6203 to furnish them with copies of the Commissioner's records of assessment for the unpaid tax in issue.

Before addressing petitioners' grounds, we will summarize the law involved.

B.     Law Involved

    1.     Assessment of Tax

Federal taxes may be collected by administrative means following assessment.  See Bull v. United States, 295 U.S. 247, 260 (1935) ("The assessment is given the force of a judgment, and if the amount assessed is not paid when due, administrative officials may seize the debtor's property to satisfy the debt.");

**[\*10]** Michael I. Saltzman & Leslie Book, IRS Practice and Procedure, para. 10.01[1], at 10-3 (rev. 2d ed. 2002).

Section 6203 provides that an assessment of tax (which includes interest, additions to tax, and assessable penalties) "shall be made by recording the liability of the taxpayer in the office of the Secretary in accordance with rules or regulations prescribed by the Secretary."  The section further provides that when requested by a taxpayer, "the Secretary shall furnish the taxpayer a copy of the record of the assessment."

Section 301.6203-1, Proced. & Admin. Regs., implements section 6203 and specifies that an assessment is made "by an assessment officer signing the summary record of assessment", which, "through supporting records", must include the "identification of the taxpayer, the character of the liability assessed, the taxable period, if applicable, and the amount of the assessment."  Under the regulation, if the taxpayer requests a copy of the record of the assessment, the IRS will give the taxpayer "a copy of the pertinent parts of the assessment which set forth the name of the taxpayer, the date of assessment, the character of the liability assessed, the taxable period, if applicable, and the amounts assessed."  Id.  The date of the assessment is the date the summary record of assessment is signed.  Id.

[*11]        2.        Collection by Levy

Section 6331(a) authorizes the Secretary to levy against property and property rights of a taxpayer liable for taxes who fails to pay those taxes within 10 days after notice and demand for payment is made.  Section 6331(d) requires the Secretary to send the taxpayer written notice of the Secretary's intent to levy, and section 6330(a) requires the Secretary to send the taxpayer written notice of his right to a section 6330 hearing at least 30 days before any levy is begun.

3.        Section 6330 Hearing

If the taxpayer makes a request for a hearing, the hearing is to be held before an impartial officer or employee of Appeals.  Sec. 6330(b)(1), (3).  At the hearing, the taxpayer may raise any relevant issue relating to the unpaid tax or the proposed levy, including challenges to the appropriateness of the collection action and collection alternatives.  Sec. 6330(c)(2)(A).  The taxpayer may contest the existence or amount of the underlying tax liability at the hearing if the taxpayer did not receive a statutory notice of deficiency for the liability in question or did not otherwise have an opportunity to dispute that liability.  Sec. 6330(c)(2)(B); see also Sego v. Commissioner, 114 T.C. 604, 609 (2000).  The Appeals officer must at the hearing obtain verification from the Secretary that the requirements of any applicable law or administrative procedure have been met.  Sec. 6330(c)(1).

[*12] Following the hearing, the Appeals officer must determine whether the proposed levy action may proceed. The Appeals officer is required to take into consideration: (1) verification that the requirements of applicable law and administrative procedure have been met; (2) relevant issues raised by the taxpayer; and (3) whether the proposed collection action "balances the need for the efficient collection of taxes with the legitimate concern of the * * * [taxpayer] that any collection action be no more intrusive than necessary." Sec. 6330(c)(3).

### 4. Review of Determination

Where the underlying tax liability is properly at issue, we review the determination de novo. E.g., Isley v. Commissioner, 141 T.C. __, __ (slip op. at 19) (Nov. 6, 2013). Where the underlying tax liability is not at issue, we review the administrative determination for abuse of discretion. Id. When faced with questions of law, as we are here, the standard of review makes no difference. Whether characterized as a review for abuse of discretion or as a consideration "de novo" (of a question of law), we must reject erroneous views of the law. Kendricks v. Commissioner, 124 T.C. 69, 75 (2005).

**[*13]** C.     Abuse of Discretion

As stated, petitioners' first ground for claiming that collection cannot proceed is their claim that Ms. Hernandez abused her discretion in relying on computer transcripts to verify that their unpaid tax had properly been assessed.

Section 6330(c)(1) requires that the Appeals officer conducting the hearing obtain verification from the Secretary that the requirements of any applicable law or administrative procedure have been met.  Section 6330(c)(1) does not mandate that the Appeals officer rely on a particular document to satisfy the verification requirement.  See, e.g., Craig v. Commissioner, 119 T.C. 252, 262 (2002); Shirley v. Commissioner, T.C. Memo. 2014-10, at *24.  Nor does section 6330(c)(1) require the Appeals officer to give the taxpayer a copy of the verification that she obtained.[1]  Nestor v. Commissioner, 118 T.C. 162, 166-167 (2002).  "An Appeals officer may use computer transcripts of account for a taxpayer to verify that requirements of applicable law and administrative procedure have been met." Sherwood v. Commissioner, T.C. Memo. 2005-268, 2005 WL 3108165, at *6.

---

[1]Indeed, sec. 6330(c)(1) does not require that the Appeals officer provide the taxpayer with other underlying documentation maintained by the Commissioner with respect to the taxpayer's account, including delegations of authority.  Davis v. Commissioner, T.C. Memo. 2007-160, 2007 WL 1772036, at *4.  Ms. Hernandez did not abuse her discretion in refusing to provide petitioners with such documents.

**[\*14]** The parties have stipulated the documents that Ms. Hernandez reviewed before Appeals determined to proceed with collection. Those documents include computer transcripts that identify petitioners and show (1) the tax forms involved (Form 1040A, income tax), (2) the taxable years addressed (1993 and 1994), (3) the dates that tax was assessed, and (4) the amounts assessed. She provided the account transcripts (which show that information) to Mr. MacPherson, petitioners' counsel. Nothing in evidence indicates any irregularity in the assessment procedure that would raise a question that the assessments were not validly made in accordance with the requirements of section 301.6203-1, Proced. & Admin. Regs.

Ms. Hernandez did not abuse her discretion in relying on computer transcripts to verify that petitioners' unpaid 1993 and 1994 tax had properly been assessed.

D.     Assessments and Evidence Thereof

Petitioners also argue that collection cannot proceed because respondent has failed to furnish them records of the assessments of their 1993 and 1994 tax. Before proceeding to consider that issue, we note that it is an open question whether section 6203 (requiring the Commissioner to furnish those records on request by the taxpayer) is an applicable law with which, pursuant to section

[*15] 6330(c)(1), the Appeals officer must verify compliance. See Nestor v. Commissioner, 118 T.C. at 175 (Halpern, J., concurring). In any event, Ms. Hernandez provided to petitioners the account transcripts, and respondent's counsel provided to them the Forms 4340. Both sets of documents show petitioners' names, the dates of the assessments, the character of the liabilities assessed, the taxable periods, and the amounts assessed. That information constitutes all of "the pertinent parts of the assessment", which, pursuant to section 301.6203-1, Proced. & Admin. Regs., on their request, respondent must furnish to them. The question is whether that information constitutes the requisite "record of the assessment" described in section 6203.

The assessment of Federal tax is done by an assessment officer signing the summary record of assessment. See sec. 301.6203-1, Proced. & Admin. Regs. The summary record of assessment may be made either on an IRS Form 23C or (more recently) on its computer-generated equivalent, the Revenue Accounting Control System (RACS) Report 006. See, e.g., March v. IRS, 335 F.3d 1186, 1188 (10th Cir. 2003); Roberts v. Commissioner, 118 T.C. 365 (2002), aff'd, 329 F.3d 1224 (11th Cir. 2003). We agree with the Commissioner's statement in Rev. Rul. 2007-21, 2007-1 C.B. 865, 866, that "[t]he RACS report, like the Form 23C,

**[*16]** provides, when coupled with 'supporting records,' the information set forth in Treasury Regulation § 301.6203-1."

The question then becomes one of what the Commissioner must furnish to a taxpayer requesting pursuant to section 6203 "the record of the assessment".  Must he without exception furnish the RACS report or the Form 23C (with or without pertinent supporting records)?  The answer is no; the Commissioner need not furnish the taxpayer any particular form or document.  As we stated in Battle v. Commissioner, T.C. Memo. 2009-171, 2009 WL 2151786, at *5:  "[The Commissioner] may choose among documents so long as the form used identifies the taxpayer, states the character of the liabilities assessed, the tax period giving rise to the assessment, the amount of the assessment, and the date of assessment." The Court of Appeals for the Ninth Circuit agrees:

> We reject the * * * [taxpayers'] contention that section 6203 entitles them to a copy of the summary record of assessment on Form 23C upon request.  The regulations promulgated under this section state that "[i]f the taxpayer requests a copy of the record of assessment, he shall be furnished a copy of the pertinent parts of the assessment which set forth the name of the taxpayer, the date of assessment, the character of the liability assessed, the taxable period, if applicable, and the amounts assessed." Id.  This represents a permissible interpretation of section 6203, and we are therefore bound to give it deference.  * * *

[*17] Koff v. United States, 3 F.3d 1297, 1298 (9th Cir. 1993); see also, e.g., Goodman v. United States, 185 Fed. Appx. 725, 728 (10th Cir. 2006); Gentry v. United States, 962 F.2d 555, 557 (6th Cir. 1992); Evans-Hoke v. Paulson, 503 F. Supp. 2d 83, 87 (D.D.C. 2007).

Numerous courts have held that the Commissioner meets his obligation to furnish a requesting taxpayer the record of the assessment if he furnishes him a Form 4340 that reports the information described in section 301.6203-1, Proced. & Admin. Regs. (viz, "the name of the taxpayer, the date of assessment, the character of the liability assessed, the taxable period, if applicable, and the amounts assessed").  We have said:  "A taxpayer receiving a copy of Form 4340 has been provided with all the documentation to which he or she is entitled under section 6203 [and section 301.6203-1, Proced. & Admin. Regs.]."  Tucker v. Commissioner, T.C. Memo. 2012-30, 2012 WL 280357, at *3, aff'd, 506 Fed. Appx. 166, 168 (3d Cir. 2012); see also, e.g., Roberts v. Commissioner, 329 F.3d at 1228; Koff, 3 F.3d at 1298.

Respondent furnished petitioners Forms 4340 containing all of the pertinent information.  While those forms were furnished by respondent only after Ms. Hernandez concluded petitioners' hearing and Appeals made its determination, the forms contain much the same information as is contained in the account

[*18] transcripts, which were furnished to them by Ms. Hernandez during the hearing.  If their receipt of the account transcripts does not fulfill respondent's obligation to furnish them the pertinent records of assessment, then their receipt of the Forms 4340 certainly does.  In Nestor v. Commissioner, 118 T.C. at 167, we determined that no purpose would be served by remanding a case to Appeals in order to have the Appeals officer provide the taxpayer with a second copy of the taxpayer's Forms 4340 when the Appeals officer had not provided the taxpayer with a copy during his section 6330 hearing but the Commissioner provided him one after the hearing and before trial of the case.  The same logic applies here.

Petitioners find fault with the Forms 4340 because they are accompanied by certifications as to accuracy that contain what appear to be stamped signatures of the IRS official making the certifications.  We do not see that as a problem.  First, while section 301.6203-1, Proced. & Admin. Regs., does require that an assessment officer sign the summary record of assessment, it provides only that a requesting taxpayer be furnished a copy of the pertinent parts of the assessment, without imposing any signature requirement.  See Nicklaus v. Commissioner, 117 T.C. 117, 121 (2001) ("Section 301.6203-1, Proced. & Admin. Regs., does not require that one of respondent's assessment officers sign and date Form 4340 in order to have a valid assessment of a taxpayer's liability.").  In Hovind v.

[*19] <u>Commissioner</u>, T.C. Memo. 2006-143, 2006 WL 1867340, at *5 (citing

<u>Nicklaus</u> and <u>Nestor</u>), <u>aff'd</u>, 228 Fed. Appx. 966 (11th Cir. 2007), we stated:

"Forms 4340 are not required to be signed."  Petitioners have provided no

authority contradicting that statement.  Moreover:  "Generally, in the absence of a

statute otherwise providing, a signature may be affixed by writing by hand, by

printing, <u>by stamping</u>, or by various other means."  80 C.J.S., Signatures, sec. 15

(2010) (emphasis added); <u>cf.</u> <u>Harper v. Commissioner</u>, 99 T.C. 533, 548 (1992)

("A notice of deficiency is not invalid because it bears a stamped signature.").

Respondent has satisfied his obligation under section 6203 to furnish

petitioners with the records of the assessments of their unpaid tax.

E.    <u>Conclusion</u>

Petitioners have failed to show error in the determination.  Respondent may

proceed with collection of their unpaid 1993 and 1994 tax.

II.    <u>Section 6673 Penalty</u>

Under section 6673(a)(1), this Court may require a taxpayer to pay a penalty

not in excess of $25,000 if (1) the taxpayer has instituted or maintained a

proceeding primarily for delay, or (2) the taxpayer's position is "frivolous or

groundless".  A taxpayer's position is frivolous if it is contrary to established law

**[\*20]** and unsupported by a reasoned, colorable argument for change in the law. E.g., Goff v. Commissioner, 135 T.C. 231, 237 (2010).

Respondent has moved for us to impose the penalty on the grounds that petitioners instituted these proceedings primarily for the purpose of delaying collection and that their position is frivolous or groundless. Petitioners object, relying in part on declarations of themselves and of Mr. MacPherson. Petitioners' principal defense to imposition of a penalty is that they relied on counsel: "Petitioners, who are high school educated and lack any sophistication, in good faith relied on their competent, qualified, and independent counsel; this alone is sufficient to demonstrate good cause, thus negating imposition of the sanction sought."

As evidenced by our discussion supra, petitioners' arguments that (1) Ms. Hernandez abused her discretion in relying on computer transcripts to verify that their unpaid tax had been properly assessed and (2) collection cannot proceed because respondent has failed to furnish them records of the assessments of their 1993 and 1994 tax lack merit and are contrary to established law. The deficiencies in petitioners' arguments are well known. Indeed, the Commissioner has taken pains to describe for taxpayers the requirements of section 6203, the procedures implementing that section, and the procedures for answering a taxpayer's request

**[*21]** for a copy of the record of the assessment. <u>See</u> Rev. Rul. 2007-21, <u>supra</u>. Arguments very much like the ones petitioners here make are described in Notice 2010-33, 2010-17 I.R.B. 609, listing positions identified as frivolous for purposes of application of the section 6702 frivolous tax submissions penalty. Respondent's counsel brought the revenue ruling and the notice to the attention of Mr. MacPherson in February 2012, three months before the parties jointly moved for leave to submit this case for decision without a trial. Petitioners could have pulled the plug then and very likely avoided any sanction. We conclude (and find) that petitioners' positions in this proceeding are frivolous. <u>See</u> sec. 6673(a)(1)(B). Moreover, the record before us contains nothing to support petitioners' assignments of error, which leads us to further conclude (and find) that petitioners' positions are groundless. <u>See</u> <u>id.</u> Finally, the lack of merit to petitioners' arguments leads us to conclude that they initiated and have maintained these proceedings primarily for delay, and we so find. <u>See</u> sec. 6673(a)(1)(A).

Petitioners cannot escape a section 6673(a)(1) penalty on the basis of their reliance on counsel. By their declarations, petitioners each state the following:

> 2. I have no accounting or tax training, and I have no accounting or tax experience.

*     *     *     *     *     *     *

[*22] 6.  It has never been my idea to raise before the IRS or before the Tax Court the issues presently on review by the court; i.e., the issues of evidence of proper assessment and evidence of proper delegation * * * [order].

\*　　\*　　\*　　\*　　\*　　\*　　\*

7.  I have relied totally on the tax advice of MACPHERSON concerning my Collection Due Process Hearing * * * request, petition to the Tax Court, and Tax Court litigation.

A taxpayer's good-faith reliance on the advice of counsel is not a defense to the imposition of a penalty under section 6673(a)(1)(B), nor need we excuse a taxpayer's failure to review pleadings and other documents filed on his behalf. Gillespie v. Commissioner, T.C. Memo. 2007-202, aff'd, 292 Fed. Appx. 517 (7th Cir. 2008).  The purpose of section 6673 is to compel taxpayers to think and to conform their conduct to settled principles before they file returns and litigate. Takaba v. Commissioner, 119 T.C. 285, 295 (2002); see also Coleman v. Commissioner, 791 F.2d 68, 71 (7th Cir. 1986).

We conclude that petitioners should pay a section 6673(a)(1) penalty of $5,000 to the United States in this case.

III.　Section 6673(a)(2); Rule 33(b)

Section 6673(a)(2)(A) empowers us to impose on a taxpayer's counsel who multiplies the proceedings in any case unreasonably and vexatiously the excessive

**[\*23]** costs reasonably incurred on account of such conduct.  We may sua sponte impose such costs.  See Edwards v. Commissioner, T.C. Memo. 2002-169, aff'd, 119 Fed. Appx. 293 (D.C. Cir. 2005); Leach v. Commissioner, T.C. Memo. 1993-215.  Rule 33(b) sets standards in connection with counsel's signature on a pleading and provides that upon our own motion we may sanction counsel for failure to meet those standards.  Although we have found petitioners deserving of a section 6673(a)(1) penalty, we believe that Mr. MacPherson's conduct may be deserving of a sanction for unreasonably and unnecessarily bringing and prolonging these proceedings.  Indeed, in his declaration in support of petitioners' response to respondent's motion to impose a sanction on petitioners, he acknowledges that, following the earlier deficiency proceeding in this case, petitioners "had a major collection problem and * * * I decided to try the assessment issue believing there is some chance of lack of proper assessment which will result in voiding the assessment and causing the clients to be free of the debt as a result of the statute of limitations".  He concedes, however:  "I concluded many years ago that the '23C issue' was a 'dead letter' in so far as obtaining the 23C."  Since Mr. MacPherson has not been accorded the opportunity to defend against the sanctions we may impose upon him, we will accord him that opportunity by ordering him to show cause why we should not impose on him

**[*24]** excessive costs pursuant to section 6673(a)(2) or sanction him pursuant to Rule 33(b). We will also order respondent to express his position on the issues and to provide us with his computations of the excess costs, expenses, and attorney's fees reasonably incurred on account of Mr. MacPherson's conduct.

IV. <u>Conclusion</u>

To reflect the foregoing,

<u>Appropriate orders will be issued,</u>

<u>and decision will be entered for respondent.</u>